## WILLIAM M. YANDELL *v.* MADISON COUNTY.

HEALTH AND QUARANTINE. *County health officer. Salary. Code* 1892, § 2275. *Ib.,* § 2285. *Laws* 1894, *p.* 34.

A county health officer, appointed by the board of supervisors, under code 1892, § 2275, requiring such an appointment, is only entitled to the salary fixed in advance by the board of supervisors, under code 1892, § 2285, amended, laws 1894, p. 34, as compensation for official services rendered by him, and he cannot maintain againt the county an action of assumpsit upon a *quantum meruit* for such services, however great.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Yandell, appellent, was plaintiff, and Madison county, appellee, was defendant in the court below. The appellant, a physician, was appointed by the board of supervisors county health officer of Madison county, and his salary was fixed at $100 per annum. Smallpox broke out in the county, and the doctor was required in his official capacity to attend a goodly number of indigent persons who were suffering from the disease. He demanded pay from the county, $892 for such services, according to their value as fixed by his profession. The board of supervisors declined to pay as requested, whereupon the doctor brought suit against the county. From a judgment in defendant's favor, the plaintiff appealed to the supreme court.

*H. B. Greaves* and *W. H. Powell*, for appellant.

"A competent physician shall be appointed county health officer for and from each county in the state by the state board of health," etc.   Code 1892, § 2275.

"It is the duty of the county health officer to enforce the rules and regulations of the state board of health, in the prevention and spread of all contagious, infectious and epidemic diseases in his county, to investigate and examine into the causes thereof, and to recommend rules and regulations to remedy the same," etc.

"The county health officer shall receive for his services an annual salary, the same to be fixed in advance by the board of supervisors," etc.   Laws 1894, p. 34.

The laws for the protection of the public health, under which appellee was appointed are of general application and cannot be nullified in any county by the failure of the board of supervisors to fix the salary of the health officer of the county, after he had been duly appointed, or by their fixing it at a rate so far below the maximum that no competent physician will accept the office. The statute cannot be repealed or abrogated directly or indirectly by the board of supervisors.

*A. P. Hill*, for appellee.

The statute (Laws 1894, p. 34), is a complete answer, to appellant's demands.

TERRAL, J., delivered the opinion of the court:

Dr. Yandell, as health officer thereof, sued Madison county upon a *quantum meruit* in the sum of $892 for medical services rendered to residents of that county. To the several counts, three in number, all of like character, he attached a bill of particulars, containing about 93 items, one of which items, which will serve to illustrate all the others, is as follows: "1901, January 14. To visit Jesse Samuel (smallpox), $15.00." To his declaration a demurrer was sustained, when he filed an amended count in *quantum meruit* also, but for $800. In the amended declaration no mention is made of the services performed, but it alleges for the year 1900 his predecessor in office had received compensation at the rate of $500 per annum, which had been fixed at that sum by the board of supervisors, and that his [Yandell's] services were worth more than the services of his predecessor. His amended declaration further alleges that the board for the year 1901 had fixed the health officer's salary at $100 per annum, but it makes no use of that fact except to ignore it. In truth, all the counts ignore the fact that his compensation is a salary, to be fixed by the board, and seek to recover upon a *quantum meruit* for special services to sick persons within the county. We think a demurrer was rightly sustained to all the counts, because Dr. Yandell can claim against the county his salary only, whatever that may be; and for such recovery neither of his counts is a suitable pleading.

*Affirmed.*