ADAMS COUNTY v. WILLIAM H. AIKMAN.

[52 South. 513.]

1. COUNTIES. *Health officer. Salary. When fixed. Code* 1906, § 2509. *Board of supervisors.*

Although Code 1906, § 2509, provides that the county health officer shall receive a salary to be fixed in advance by the board of supervisors, in case of failure to fix his salary before his appointment the board may do so at a later date.

2. SAME. *Remedy of officer.*

Where the board of supervisors fixed the salary of a county health officer after the beginning of his term, his remedy, if dissatisfied with the compensation allowed, is by appeal from the order fixing the same.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Aikman, appellee, was plaintiff in the court below; Adams county, appellant, was defendant there. From a decree in favor of the plaintiff the county appealed to the supreme court.

The suit was begun in the court of a justice of the peace, was appealed to the circuit court and there tried *de novo.* The opinion of the court sufficiently states the facts.

Code 1906, § 2509, referred to in the opinion, is as follows:

"The county health officer shall receive for his services an annual salary, to be fixed in advance by the board of supervisors, which may be payable monthly out of the county treasury."

*Ernest E. Brown,* for appellant.

The court below erred in holding that the board of supervisors should have fixed the salary of the county health officer for the year beginning May 1, 1909, before the plaintiff was ap-

pointed health officer, and that the salary of $25 per month, fixed by the board at its regular meeting after receiving notice of plaintiff's appointment as health officer, was inadmissible in evidence.

In *De Soto County v. Westbrook,* 64 Miss. 312, ARNOLD, J. said: "By section 790 of the Code of 1880, it was the duty of appellant to fix the salary of the chief health officer of the county. What the salary should be was a matter within the discretion of the board, provided it did not exceed the maximum specified in the statute or place it so low as to practically abolish the office in the county. Within these limits, the salary should have been fixed at what the services of the officer were reasonably worth, and on this basis it might have been changed from time to time, if deemed necessary and proper." Code 1906, § 2509, differs from the corresponding section in Code 1880, in that it contains the words "in advance" after the words "to be fixed." By reason of the words "in advance" appearing in Code 1906, § 2509, the trial judge held that the board should have fixed the salary at the meeting before appellee was appointed and that the order at its first meeting after the appointment fixing the salary at $300 for the year ending April 30, 1910, was a nullity. Appellant contends that the board had the right to change the salary after having fixed it, to meet conditions which might arise, just as this court has practically held that it could in the *Westbrook case, supra.*

Under Article 5 of our Mississippi Constitution the officers named therein hold over until their successors qualify, but the judicial officers named in Article 6 of the Mississippi Constitution hold only for the time for which they were appointed. Code 1906, § 3456, provides that "the term of office of all officers not otherwise provided for by law shall be for four years and until their successors shall be duly qualified." County health officers, however, are otherwise provided for by law, since Code 1906, § 2491 provides that "a competent physician shall

be appointed county health officer for and from each county by the State Board of Health, whose term of office shall be for two years." There can be no ground for any contention by appellee that he held over and became entitled to the compensation of $50 per month allowed to him under special contract for salary as health officer and additional services made in July, 1907, and tacitly renewed for another year ending April 30, 1909.

What appellee received under a prior appointment was not competent on the issue before the jury in this case

*Martin & Bowman,* for appellee.

Learned counsel for appellant makes the assertion that the court below erred in holding that the board of supervisors should have fixed the salary of the county health officer before his appointment, and in support of this reference is made to *De Soto County v. Westbrook,* 64 Miss. 312. There is, however a difference between the statute under consideration in that case and the present statute now in force, in that the present statute provides that the board of supervisors shall fix the salary of the county health officer "in advance." Code 1906, § 2509. Under the circumstances the case of *De Soto County v. Westbrook,* is not applicable.

The words, "in advance," were inserted in the present statute for some good purpose, since a statute is never changed except for good reason. It is evident that the insertion of these words, "in advance," was made to prevent county boards from making and changing contracts which might necessarily result in dissatisfaction and in attempts to change the salary of incumbents of different county offices.

Under the law, as written, the county health officer can receive an annual salary which must be fixed in advance of his acceptance of the position; and it must be fixed prior to the beginning of his term of office.

If the fixing of the salary should be two or three weeks after the appointment of the officer to the position, and a month after his term of office begins, could not the fixing of the salary six months afterwards be held to be similarly in conformity with law? If the meaning of the law is that the board should fix the salary at its first meeting after the appointment of the health officer, it should have been so written instead of worded as shown in the statute. Under no method of construction can the action of the county be held in compliance with Code 1906, § 2509.

Where one enters into the services of another for a definite period, and continues in the employment after the expiration of that period, without any new contract, the presumption is that the employment is continued on the terms of the original contract. 26 Cyc. 876. And where parties have entered into a contract of service for a certain period which has elapsed, and their connection still continues, they are held to have renewed the contract by tacit consent without any new agreement being entered into. 14 Am. & Eng. Ency. (1st ed.) 770.

SMITH, J., delivered the opinion of the court.

At the time of the institution of the suit in the court below, appellee had been for several years health officer of Adams county. In July, 1907, the board, by order on its minutes, fixed his salary for the twelve months next thereafter at $50 per month. No further order was entered with reference to his salary, but he continued to receive as such the sum of $50 per month until the expiration of his term, on April 30, 1909. On May 15, 1909, appellee was reappointed as such health officer. At its June, 1909, meeting, the board of supervisors, by order duly entered upon its minutes, over objection of appellee, fixed his salary at $300 per annum. At the August meeting of the board appellee filed his claim for an allowance of $50 per month, which claim was rejected by the board, and a warrant was

directed to be issued to him for the sum of $75, $25 per month, which warrant was by appellee declined. Shortly afterwards he instituted suit in the court of a justice of the peace to recover from appellant "the sum of $150 as health officer of Adams county, Miss., for the months of May, June, and July, at $50 per month." From a judgment against it in said court, appellant appealed to the circuit court, and, judgment being rendered against it in that court, appeals to this court.

Under Code 1906, § 2509, it is the duty of the board of supervisors to fix the salary of a county health officer in advance of his appointment; but, in the event it fails to do so, it may fix his salary at a later date. To hold otherwise would result in depriving such officer of any compensation for services which he might have rendered after his appointment and before his salary was fixed, for the reason that, as held in *Yandell v. Madison County,* 81 Miss. 291, 32 South. 918, he can receive no compensation except a salary fixed by the board. The case of *De Soto County v. Westbrook,* 64 Miss. 312, 1 South. 352, is not in conflict herewith. That case simply holds that, where a salary of a health officer has been fixed by order of the board, it cannot be subsequently reduced to such an amount as to virtually abolish the office. In such event the order of the board reducing same is void. Appellee was only entitled to recover from the county the sum of $25 per month, the salary fixed by the board. If dissatisfied with this allowance, he should have appealed from the order of the board fixing the same.

*Reversed and remanded.*