BOARD OF SUP'RS OF CALHOUN COUNTY v. POWELL.

[84 South. 905. No. 21149.]

HEALTH.  *Circuit court cannot review salary of county health officer as fixed by board of supervisors.*
   The statutory authority to fix the salary of the county health officer is vested exclusively in the board of supervisors, and the circuit court has no right to review and reverse the discretion of the board and enlarge the salary so fixed, unless the board fixes the salary so low as to oust the officer or abolish the office.

APPEAL from the circuit court of Calhoun county.
HON. C. LEE CRUM, Judge.

Dr. Eli Powell appealed to the circuit court from the action of the board of supervisors of Calhoun county in fixing his salary as county health officer. Case was heard on appeal without a jury. From a judgment increasing the salary, the board of supervisors appeals. Reversed, and judgment entered for appellant.

*H. Cassidy Holden,* for appellant.

The question of the salary of the county health officer has been before this court on three previous occasions. In *Desoto County* v. *Westbrook,* 1 So. 352, the court held that the board of supervisors could not abolish the office of county health officer by reducing the salary to a nominal sum, a dollar per month. In that case the board of supervisors had openly attempted to do away with the office.

In *Yandall* v. *Madison County,* 32 So. 918, this court held that a county health officer is entitled to receive no compensation whatever except a salary fixed by the board of supervisors; that unless such a salary was actually fixed, no recovery could be had for the value of services rendered on *quantum meruit.*

In *Adam County* v. *Aikman,* 52 So. 513, this court again held that a county health officer could only recover where his salary had been actually fixed by the board of supervisors. In this case the board had failed to fix the salary of the county health officer in advance but waited until after the county health officer had begun his duties, and then, when they did fix the salary they fixed it at a lower figure than it had been in prior years. The county health officer sued the board of supervisors for the value of his services as, based on the salary that he formerly received and the court held that he could only recover the amount of the new, or reduced salary.

There is no authority of law for the fixing of the salary of a county health officer by a circuit judge. Section 2509, Code of 1906, provides that the salary of the county health officer shall be fixed by the board of supervisors. No other public officer or public body has the authority to fix the salary of the county health officer. The amount of the salary is a matter entirely within the discretion of the board of supervisors. They are authorized to fix

it at such a sum as they shall think reasonable and economical.

This court, in *Yandall* v. *Madison County*, expressly held that the only money that the county health officer could recover, was such as had been fixed as his salary by the board of supervisors. This decision was followed explicitly in the later case of *Adams County* v. *Aikman.* The only salary, therefore, that could be recovered by the appellee in this case is the salary fixed by the board of supervisors of Calhoun county, namely three hundred and sixty dollars per annum.

In *Adams County* v. *Aikman,* cited above, this court held that where the county health officer was dissatisfied with the salary fixed, his remedy was by appeal from the order of the board of supervisors. The court also held that any order of the board fixing the salary so low as to abolish the office would be a void order. It is submitted that three hundred and sixty dollars per year cannot be said to be a salary so low as to abolish the office of county health officer. There may be counties where such a salary would be excessive and there is no showing in this record that the said sum is insufficient and incommensuate with the duties of the office. There is no showing, whatever, that no physician could be obtained at this figure. There may have been doctors in the county who would have been glad to have picked up such a nugget as a sort of a side line. The board simply estimated the amount of time that the duties of the office would require, the importance of the office in that particular county, the need for the services in that community, and the ability of the county to pay for such services, in fixing the salary of the county health officer. The board of supervisors of any county is composed of men familiar with conditions in the county; they know what is needed in the way of health and quarantine in their respective beats. The honorable circuit judge, however, in estimating the value of the county health officer's services and

the need for them, must needs proceed upon purely theoretical consideration. It would naturally seem to his mind that the sum of three hundred and sixty dollars per year would be trifling and unworthy of consideration as a general proposition; the board of supervisors, knowing as they do the exact conditions throughout the county, do not fix salaries upon any abstract reasoning but upon actual, practice considerations as they know them.

I submit that it was error for the honorable circuit judge to undertake to fix the salary of the county health officer as there is no authority for such action. It is true that the county health officer had the right of appeal from the order of the board, but the honorable circuit judge should have merely reversed and remanded the case for further action by the board and should not have, himself, undertaken to fix the salary. To allow the circuit judge to reverse the action of the board of supervisors and fix the salary himself, would be absolutely contrary to the express words of section 2509, Code of 1906, and would confer upon the circuit court, by judicial construction, a power that is specifically granted by statute to the board of supervisors.

Again, aside from the legal phase of the question to allow the honorable circuit judge to fix the salary of the county health officer would be a dangerous extension of authority, since the board of supervisors is by far in the best position to know what the salary should be in the county where they are familiar with conditions.

*D. B. Aycock,* for appellee.

As stated in the argument of appellant, this matter has been before this court on three previous occasions, in *Desoto County* v. *Westbrook,* 1 So. 352, in which the board of supervisors attempted to abolish the office of county health officer by reducing the salary.

In *Yandall* v. *Madison County*, 32 So., 918, this court held that the county health officer could not recover on a *quantum meruit* proposition, but only on the amount fixed by the board. In *Adams County* v. *Aikman*, 52 So. 513, this court held again that the county health officer could only recover for the amount fixed by the board of supervisors. It further held that if dissatisfied with the allowance made by the board that he should have appealed from the order of the board fixing same.

Although section 2509 of the Code of 1906, provides that the salary of the county health officer shall be fixed by the board of supervisors, it does not prohibit appeals from their action as provided in section 80 of the Code of 1906.

Appellee proceeded according to section 80 of the Code of 1906, which provides, that the circuit court shall hear and determine appeals from orders of the board of supervisors, on the case as presented by the bill of exceptions, as an appellate court, and shall affirm or reverse the judgment; and if the judgment be reversed, the circuit court shall render such judgment as the board ought to have rendered, and certify the same to the board of supervisors. This statute has been strictly complied with, and the order of the circuit court fixing the salary at six hundred dollars per annum is in accordance herewith.

As pointed out, a salary of three hundred sixty dollars is so small in Calhoun County as to practically abolish the office of county health officer. True it might be sufficient or even excessive in some counties, but in Calhoun county it is too small. Several men testified in this case and all testified that the sum of three hundred and sixty dollars was too small. Not one of the physicians who testified stated that he would consider the office or perform the duties of county health officer at so small an amount. The county superintendent of education who above all

other men in the county should be familiar with the needs and conditions of his county, with reference to the county health officer, and the time required to perform the duties of the important office testified that three hundred and sixty dollars per annum is far too small.

Appellant, although having the right to introduce and examine witnesses in this case, did not do so, but relied altogether on the testimony of appellees witnesses. I submit that the board of supervisors are supposed to be familiar with the needs and conditions in their respective beats, but that they are not always as well posted along the lines of health and quarantine as they are supposed to be, and that in many instances a circuit judge, even though not a citizen of the county, is better qualified to pass on such questions than is the board of supervisors. This court will doubtless recall instances in which boards of supervisors failed to act for the best interest of their county, and when a circuit judge would have done much better.

I maintain that it was not error for the honorable circuit judge to fix the salary of the county health officer since section 80 of the Code of 1906, gives him the authority to pass on all matters appealed from the action of the board of supervisors. This court has held in the case of *Adams County* v. *Aikman,* 52 So. 514, that the remedy of the county health officer, when the salary fixed by the board is unsatisfactory, is by an appeal from the order of the board. This was done in this case.

I further submit that this is not an extention of the authority of the circuit judge, and that if it were, it would not be dangerous, but on the other hand would have a very salutary effect upon the health and quarantine laws of the state and of the rules and regulations of the state board of health.

STEVENS J., delivered the opinion of the court.

Dr. Eli Powell, appellee, as the duly appointed county health officer of Calhoun county appeared before the board of supervisors at their August, 1919, meeting and asked that his salary be fixed in accordance with the statute. The board of supervisors heard testimony and fixed the salary at three hundred and sixty dollars per annum. Appellee was dissatisfied at the amount and prayed for and obtained an appeal to the circuit court. The appeal was prosecuted by a bill of exceptions in accordance with section 80, Code of 1906 (section 60, Hemingway's Code). The circuit judge heard the case, jury being waived, and rendered a judgment increasing the amount of the salary, and fixing the same at six hundred dollars per annum. From this judgment the board of supervisors now prosecute an appeal.

It is the contention of the county that the circuit judge has no authority of law for fixing the salary of a county health officer; that this authority is vested alone in the board of supervisors, and the discretion of the board cannot be reviewed and reversed by the circuit court.

Appellee, on the contrary, contends that under the authority of *De Soto County* v. *Westbrook,* 64 Miss. 312, 1 So. 352; *Yandell* v. *Madison County,* 81 Miss. 288, 32 So. 918, and *Adams County* v. *Aikman,* 97 Miss. 6, 52 So. 513, he had the right of appeal; that three hundred and sixty dollars per annum to be paid the county health officer of Calhoun county is unreasonably small; and that it was the duty of the circuit court to hear the testimony as presented by the bill of exceptions, and either affirm or reverse the judgment, and, if the judgment be reversed, enter such judgment as comports with right and justice.

The Westbrook Case is authority for the proposition that, while the board of supervisors is charged with the duty of fixing the salary of the county health officer, yet

the laws for the protection of the public health cannot
be nullified, and the, office cannot be abolished by fixing
the salary so low that a competent physician would not
accept the office.  Such action is a nullity.

The Yandell Case holds that the health officer can-
not ignore the salary fixed by the board of supervi-
sors and sue upon a *quantum meruit* for special services
to sick persons within the county.  The Yandell Case
was construed by the court in the Aikman Case; the
court by SMITH, J., observing:

"That, as held in *Yandell* v. *Madison County*, 81
Miss. 291, 32 So. 918, he can receive no compensation
except the salary fixed by the board."

Neither one of the cases mentioned justifies the cir-
cuit court in reviewing the discretion of the board of
supervisors and changing the amount of the salary as
fixed by the board, unless the action of the board in any
given case is "an ouster by indirection of" the officer
from the office which has been created and amounts
virtually "to abolish the office." But if the amount of
salary as fixed by the board of supervisors is a mate-
rial sum of money, and is not so small as to indicate
an intention to ignore the law and abolish the office,
then the amount so fixed is the measure of compensa-
tion, and the only measure of compensation, provided
by law.  As stated, the authority to fix the salary is
vested in the board of supervisors, and exclusively in
the board.  If the circuit judge, on appeal, could review
the testimony, and differ from the board as to what
constitutes a reasonable compensation, then in the last
analysis the authority to fix the salary would rest with
the circuit judges, and not with the boards of supervi-
sors.

The authority to appeal from the order of the board
of supervisors in this case has not been challenged, and
for the purposes of this opinion need not be considered.
If the action of the board in any given case amounts

to a nullity (*De Soto County* v. *Westbrook, supra*), the law affords a remedy and awards just compensation. We cannot say that three hundred and sixty dollars per annum for the services of the county health officer in Calhoun county is so shocking to the conscience or unreasonably low as to abolish the office, and this, in our judgment, is the sole inquiry in the case at bar.

It follows that the judgment of the learned circuit court will be reversed, and judgment entered here for appellant.

*Reversed, and judgment here for appellant.*