Fish, P. J.
Mitchell brought an action against McKenzie for damages. The substance of the petition, so far as material to the questions presented for our consideration, was as follows: On June 12, 1901, McKenzie addressed the following letter to Mitchell: “Dear Sir: You having made settlement with the Marietta Guano Company this date, damage claim for $150, and believing firmly that you were not entitled to anything, I hereby make you the following proposition, namely: that we arrange with Judge Russell, of Winder, Ga., to name a day that will be satisfactory with both of.us to meet with him; you to present to him your contract, and letters, and introduce such witnesses as you desire to show wherein you have been damaged by the Marietta Guano Company; I to have the right to introduce the contract which you made with the Marietta Guano Company, or any letters that you may have written to them, or any witness that I think is relative to the case, to show that the Marietta Guano Company has not violated contract with you and subjected themselves to damages. And if Judge Russell decides under the evidence that you were entitled to more than $150, and whatever that amount should appear to be, I hereby agree to pay you 50j& of said sum, and in consideration of said settlement above stated, I assume the *73 said 50Jo of all damages claimed by you, and agree to raise no issue in said case except the question of direct liability between yourself and the Marietta Guano Company. W. M. McKenzie.”
On the same day, this proposition was accepted in writing by Mitchell, the acceptance being written upon the letter and im-( mediately below McKenzie’s signature. McKenzie was the president of the Marietta Guano Company and a stockholder thereof. The foregoing agreement was made for the purpose of relieving the Guano Company from any further liability to Mitchell, and when it was made he did so relieve it. McKenzie, at the time this agreement was entered into, as president of the company, paid to' Mitchell the $150 by giving him credit for that much on Mitchell’s promissory note held by the company. In pursuance of the agreement, a day was set, at Winder, for the hearing of the matter submitted to Judge Russell. McKepzie had notice of the time of such hearing, but failed to appear.. Another day was subsequently set for the hearing of the matter .at Monroe, of which McKenzie was duly notified, and he again failed to appear. The 11th paragraph of the petition alleged: “That said W. M. McKenzie has acted in bad faith with your petitioner in declining to carry out his agreement of June 12, 1901, and thereby causing your petitioner the trouble of twice getting ready for said hearing, and caused him to go to Atlanta three times for the purpose of getting said McKenzie to a hearing, as agreed to by him, all to the damage of your petitioner in the sum of $20.” The 12th paragraph was as follows-: “ That said McKenzie has acted in bad faith with your petitioner, and is stubbornly litigious, and has caused petitioner unnecessary trouble, expense, and delay; that he has compelled him to employ counsel to bring this suit to recover his damages, and a reasonable attorney’s fee in'this case is $100; that petitioner’s other expenses in attending the trial of this case and in getting ready for trial is $25.” The defendant demurred to the 11th paragraph, “upon the ground that the allegations thereiu made do not entitle the plaintiff to the recovery of any sum under said paragraph; and upon the further ground that there are no items of loss or damage alleged therein.” The 12th paragraph was demurred to upon the ground “ that the allegations made in said paragraph do not authorize the recovery of any sum from defendant for counsel fees, expenses of attending trial, and in *74 getting ready for trial.” The petition was then amended, the second paragraph of the amendment being as follows: “ That in addition to the $20 set out as having been expended by plaintiff in preparing for the hearing of said arbitration as stated in par. 11 <pf the original petition, he has expended the further sum of $90.60 in getting ready for said arbitration, which defendant induced him to agree to, to wit: for his attorney’s fee in attending hearing set at Winder by Judge Russell, $10 ; for expenses of said attorney in going to Winder and Atlanta, $20 ; for plaintiff’s time lost in going to Winder .and Atlanta, procuring testimony, etc., 13 days at $2 per day, $26; for amount expended for horse and buggy, 6 days at $2 per day, $12; for amounts expended in railroad fare from Monroe to Atlanta and from Monroe to Winder and return, 3 trips to Atlanta and one to Winder, and one trip Monroe to Bethlehem and return, $12.60; for amount expended for hotel bills at Winder and Atlanta on said trips, $3.75; for amounts paid for telephone and telegram, 75c.; and amounts paid witnesses’ expenses for time lost, $6.50 ; a total of ninety dollars and 60 cents.” The third paragraph of the amendment made these allegations: “ That on account of having to make a second trip to Marietta to attend the trial of said case, which was continued by defendant, plaintiff will have to expend $20 in addition to the $25 named in paragraph 12 of the original petition, and asks $100 as reasonable attorney’s fees as set [out] in said paragraph ($50 of which plaintiff has already had to expend), making a total damage and expenditure which plaintiff has been subjected to, in preparing for said arbitration and in suing for defendant’s breach of contract to submit to same, of two hundred and thirty-five and 60/100 dollars (235.60).” The second paragraph of the amendment was demurred to as follows: upon the ground “that it does not appear that any of said items were necessarily incurred in the preparation of said case for arbitration. Defendant demurs to all items charged as having been incurred at Winder, Atlanta, and Bethlehem, as being unnecessary, and. should not be charged against defendant.” The third paragraph was demurred to on the ground that defendant was not liable for any of the matters therein alleged. All.of these demurrers were overruled, and the defendant excepted. The case proceeded to trial, and a verdict was rendered in behalf of the plaintiff: ior; *75 $235.60, which included all of the items claimed" by plaintiff in the 11th and 12th paragraphs of the . petition as amended. The defendant excepted to the overruling of his motion for a new trial, and in the,'bill of exceptions assigned error upon the overruling of the demurrers to the petition.
1. Mitchell’s attorney’s fees for bringing the present action and his expenses in attending court thereon were clearly not recoverable, and the demurrer to the items embracing such attorney’s fees and expenses should have been sustained. Edwards v. Kellogg, 121 Ga. 373; Traders Insurance Co. v. Mann, 118 Ga. 381. In the case last cited it was held that the right to recover expenses of litigation in actions ex contractu “ must be because of fraud, deceit, breach of trust, wilful misappropriation of funds, or fraud in securing a contract, or property thereunder. For expenses of litigation are not allowed for bad faith in refusing to pay, but where he ‘has acted in bad faith’ in the transaction and dealings out of which the cause of action arose.” And again “ . . if the original contract was made in good faith, if there is an ordinary breach, if the cause of action itself is not colored or poisoned by bad faith on the part of the defendant, he will not be mulcted with additional damages because he refuses to pay.” •
2. The special demurrer to the item of $20, set out in the 11th paragraph of the original petition, should have been sustained, as the defendant was entitled to an itemized statement of the amounts going to make up the $20. The amendment to this paragraph of the petition did not furnish the defendant with any further information as to the $20 claimed in the original petition. Nor do we think the expenses of Mitchell and his attorney in voluntarily going to Atlanta to induce McKenzie to comply with his agreement as to the submission were recoverable. Traders. Ins. Co. v. Mann, supra; Lampkin v. Garwood, 122 Ga. 407.
3. The necessary expenses which Mitchell incurred in preparing for the hearings at Winder and Monroe were recoverable, if McKenzie arbitrarily or without sufficient' cause failed to appear thereat. Of course this was a question for the jury, under the evidence. “Any necessary expense which one of two contracting parties incurs in complying with the contract may be recovered as damages.” Civil Code, §-3806. And'damages are recoverable for a breach of contract when they arise naturally and according *76 to the usual course oi things from such breach, and are such as the parties contemplated when the contract was made as the result of its breach. Civil Code, § 3799. The parties to the agreement of submission in the present case could fairly be said to have contemplated that they would each necessarily go to the expense of attending the hearings, of employing counsel to represent them at such hearings, and of securing the attendance of their witnesses. While some of the charges for expenses set out in the amendment to the 11th paragraph of the petition were not sufficiently itemized, there was no demurrer on this ground. The court, therefore, did not err in overruling the demurrer to the amendment to this paragraph.
4. What we have said above disposes of all of the grounds of the motion for a new trial, except those relating to the refusal of the court to charge in reference to the'contention of the defendant that the agreement to submit the matter to the decision of Judge Kussell was without consideration. There was nothing in evidence which tended to sustain such a contention, and there was, therefore, no error in declining to charge the jury thereon, even if the written requests were otherwise unobjectionable. The agreement itself showed a valid and sufficient consideration, to wit, the settlement of Mitchell’s claim for damages against the Marietta Guano Company at and for the sum of $150, and in the writing McKenzie expressly declared that, “in consideration of said settlement above stated,” he .assumed fifty per cent, of all damages found by Judge Kussell in Mitchell’s favor, in the event such damages should exceed $150. The evidence showed that the claim of Mitchell against the Marietta Guano Company had been settled in accordance with the agreement, by McKenzie, as the president of such company, crediting Mitchell with $150 on, a note given by him to the company, and Mitchell receipting the company in full for such claim. There was no evidence tending to show that the agreement was without consideration, or that the consideration was otherwise than as expressed therein.

Judgment reversed.

All the Justices concur, except Candler, J., absent.