## MENDEL *v.* LEADER *et al.*

1. Under the written contract the vendors of the land covenanted to free the title from encumbrances by January 1, 1908, or within a reasonable time thereafter. What would be a reasonable time is to be determined by all the attendant circumstances; and under the peculiar facts of this case it was for the jury to say whether the vendors' failure to comply by January 4, 1908, with the covenant to remove encumbrances was a reasonable or unreasonable time.
2. Where a written contract is unambiguous, it will be construed according to its plain meaning, without reference to extrinsic parol proof of the intention of the parties in making the instrument.
3. Attorneys fees may be allowed in the computation of damages for breach of contract where the defendant has acted in bad faith and caused the plaintiff unnecessary trouble and expense.

JUNE 17, 1911.

Action for breach of contract. Before Judge Rawlings. Toombs superior court. February 22, 1910.

The action was to recover damages for breach of contract. The plaintiff alleged that he entered into a written contract with the defendants, wherein the defendants contracted to sell to him for $2,500 a certain tract of land which they had bought from Mrs. Grimes. The terms of sale were expressed as follows: "It is agreed that the payments shall be made as follows: one hundred ($100) dollars cash in hand paid by said party of the second part, receipt whereof is hereby acknowledged; the sum of four hundred ($400) dollars to be paid on the first day of January, 1908, or as soon thereafter as delivery of said lands can be made free from all leases or encumbrances, and the balance, the sum of two thousand ($2,000) dollars, in twelve (12) months after the date of the delivery of the land, which delivery shall be from or at the time the attorneys pass on the title, and said sum of two thousand dollars

shall bear interest at the rate of eight per cent. per annum from the date of delivery of said land as above." It was further provided that the defendants would make to the plaintiff a warranty deed to the land upon payment of the purchase-money. The plaintiff alleged, that he contracted for the purchase of the land for the purpose of dividing it into lots and selling them, which purpose was known to the defendants at the time of making the contract; that, pursuant to its terms and acting on the faith of the contract, the plaintiff had the land surveyed and platted into lots; that he incurred certain expenses, which were itemized, in preparing for the sale of the lots, and had actually sold several of them, which sales he had to cancel because of the defendants' failure to remove the encumbrances from the land as they obligated to do; that the "defendants failed and refused to deliver said land in accordance with the terms of their contract; that your petitioner, on December 30, 1907, wrote to said defendants, offering to comply with his obligation in said contract, and offering to pay the amount he was due to pay on the 1st day of January, 1908, if said defendants would complete and comply with said obligations in their contract of sale, but defendants failed and refused to comply with said contract, or even to notice your petitioner's communication, until your petitioner afterwards, on the 4th day of January, 1908, wrote to said defendants, calling off said purchase and demanding the payment of the amount of the cash payment and the amount. of your petitioner's expenses;" that the defendants never owned the lands, but held a bond for title from the Claxton Bank of Tattnall county, that they owed the bank $1,700 with interest, which indebtedness became due on December 17, 1907; that this sum is still due the bank by the defendants, and the bank is threatening to proceed against the defendants and the land for the collection of the indebtedness; that the defendants did not and could not comply with the terms of their contract with plaintiff; and that they had acted in bad faith and fraudulently in making the contract of sale with him. There was attached an itemized statement of expenses alleged to have been incurred by the plaintiff in surveying, platting, dividing into lots, and selling them on the faith of the contract with the defendants to deliver the lands to plaintiff according to the terms of the contract. The prayers were, for the recovery of these alleged expenses, the one hundred dollar cash payment, and attor-

ney's fees incurred by plaintiff; and for the cancellation of the contract of sale. The defendants demurred to the petition; and their demurrer was sustained, and the petition dismissed.

*Jones & Sparks* and *Sheppard & Hewlett,* for plaintiff.

*Williams & Giles* and *Hines & Jordan,* for defendants.

EVANS, P. J. (After stating the foregoing facts.)

1. There was no unequivocal statement in the contract as to the time when the purchaser was to be put in possession of the land. In the stipulations regulating the time of making the payments of purchase-money, it appears that the second payment of $400 was to be made on January 1, 1908, or "as soon thereafter as delivery of said lands can be made free from all leases or encumbrances," and the final payment was due "12 months after the date of the delivery of the land, which delivery shall be from or at the time the attorneys pass on the title." From these stipulations it seems that the parties contemplated that the vendor was to put the vendee in possession as soon as the title had been passed on by the attorneys, that is, the legal title was found to be in the vendor; and that all leases or incumbrances were to be removed before the second install-ment of $400 was to become due. Inasmuch as this installment was made payable on January 1, 1908, or "as soon thereafter as delivery of said lands can be made free from all leases and en-cumbrances," and in view of the other provisions as to the delivery of the land, it is fair to impute an intention on the part of the seller to free the land of leases and encumbrances by January 1, 1908, or within a reasonable time thereafter. The vendee had the right to demand of the vendors that on January 1, 1908, or within a reasonable time thereafter, the vendors clear the title of en-cumbrances. According to the petition it was in contemplation of the parties, at the time the contract of sale was made, that the vendee was purchasing the land for the purpose of dividing it into lots and selling the same. The contract of sale was made about four months before the second installment was to fall due, by which time it was contemplated by the parties that all encum-brances were to be removed. In the meantime the titles were to be examined, and, when passed on by the attorneys, the purchaser was to be put in possession, so that he might make the preliminary prep-arations for the sale of lots. Construing the contract as evincing a mutual intention of the parties that the vendors were to clear the

title of encumbrances by January 1, 1908, or within a reasonable time thereafter, we are confronted with the proposition whether, under the facts alleged, the time transpiring before the plaintiff's renunciation of the contract was so short as to deny the defendants a reasonable time within which they were to rid the land of encumbrances. When the time of performance of a covenant of contract is not fixed therein, but depends upon extrinsic facts known to both parties at the time of the execution of the contract, it is for the jury to determine, in the light of such facts, what a reasonable time is. When we consider the nature of this transaction as alleged in the petition, and the allegation that the defendants could not comply with their covenant to remove encumbrances, we can not say as a matter of law that the vendors had not breached their contract at the time the vendee notified them of his intention to abandon it because of their failure to remove the encumbrances.

If the jury should find from the attendant circumstances, that, at the time the vendee wrote to his vendors that he would not further perform his contract, a reasonable time had elapsed within which the vendors could have removed the encumbrances, then the failure of the vendors to remove the encumbrances from the land within such time would be an unreasonable delay, and the vendors' dereliction in this respect would be a breach of the contract. But if at the time the vendee wrote to the vendors that he would abandon the contract the vendors had not breached it, in that they had a reasonable time after January 1, 1908, to remove the encumbrances on the land, which had not expired, the renunciation of the contract by the vendee, accepted by the vendors, would bar the vendee of an action for its breach. Where both parties to a contract abandon it, one can not recover for its breach by the other. *Eaves* v. *Cherokee Iron Company*, 73 *Ga.* 459.

It is true that the petition does not allege that a reasonable time had elapsed when the plaintiff notified the defendants of his intention to abandon the contract. It is a rule of pleading that where time for the performance is not specified in an agreement, it should be averred that it was to be done within a reasonable time and that such reasonable time had elapsed when performance was required. *Osborne* v. *Lawrence*, 9 *Wend.* 135. But where all the facts of the case are pleaded, the failure to specifically denominate the time appearing from such facts to be a reasonable time does

not render the petition open to general demurrer on that ground. The plaintiff's case as stated is, (1) an executory contract for the sale of land, by the terms of which the vendors are to remove all encumbrances therefrom within a reasonable time after January 1, 1908; (2) a breach of that contract by failing to remove the encumbrances by January 4, 1908, under circumstances authorizing an inference that a reasonable time had elapsed by that date, within which the defendants ought to have removed the encumbrances; and (3) special damages resulting from the breach. The plaintiff alleged compliance with his contractual obligations, and it was error to dismiss the petition on general demurrer.

2. The amendment which the court disallowed alleged matters variant with the theory of the plaintiff's case as originally pleaded. The petition alleged a contract and its breach, and claimed resultant damages. The proffered amendment alleged, that, ten days after the execution of the contract, the vendee discovered that the vendors did not hold title to the land, but held under a bond from the Claxton Bank, and that the vendors assured him that they would pay the indebtedness to the bank by the 15th of December, 1907; and that, acting on such representation, the vendee made the expenditures the value of which was sought to be recovered in the original action. These assurances and the vendors' representations as to their title were fraudulently made to deceive, and did deceive the vendee. It was further alleged that it was the intention of the parties in making the contract of sale that actual possession of the land should be delivered to the vendee by January 1, 1908, and that the words, "as soon thereafter as delivery of said lands can be made free from all leases or encumbrances," were intended to apply to such persons occupying buildings on the land to move therefrom, in the event sickness or weather should prevent their removal by January 1, 1908. The amendment was properly rejected. The amendment contained no prayer to reform the contract. Where a written contract is unambiguous, it will be construed according to its plain meaning, without reference to extrinsic parol proof of the intention of the parties in making the instrument. Nor would allegations of false representations made to induce the plaintiff's conduct, pleaded as a ground of rescission of the contract, be appropriate to a petition claiming damages for its breach.

3. The defendant demurred specially to the paragraph of the

petition claiming attorney's fees as damages because of the defendants' bad faith and fraudulent conduct in refusing to comply with their contract. "The expenses of litigation are not generally allowed as part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plain-. tiff unnecessary trouble and expense, the jury may allow them." Civil Code (1910), § 4392. The allegations of the petition, taken in connection with the paragraph directly attacked, were sufficient to bring the case within the cited section.

*Judgment reversed. All the Justices concur.*