## TOWN OF CLIMAX *v.* BURNSIDE.

1. In view of the facts of this case, the municipality was estopped to deny, on any ground pleaded, the validity of its bond in the hands of a bona fide purchaser for value without notice.
2. The verdict for attorney's fees and expenses of litigation was not authorized, and direction is given that the sum found therefor be stricken from the verdict and judgment.

No. 1679. SEPTEMBER 29, '1920.

Mandamus, etc. Before Judge Worrill. Decatur superior court. September 27, 1919.

Cameron Burnside brought an action against the Town of Climax, a municipal corporation of this State, to recover thirty dollars interest on one of a series of electric-light bonds issued by defendant on November 1, 1913, and attorney's fees and expenses of litigation. He prayed that defendant be compelled by mandamus to levy and collect taxes sufficient to pay the interest on the bond as it should accrue, and the principal at maturity. The defenses set up in the answer were to the effect, that the validation of the

series of bonds, one of which was sued on, was void, for the reason that the Town of Climax is in the County of Decatur, and the hearing in the validation proceedings and the judgment validating the bonds were had at Camilla, in Mitchell county, and for that reason the bonds had never been legally validated; that the election for the issuance of the bonds was held on November 12, 1913, whereas, the bonds were dated November 1, 1913; that the notice for the bond election was not published or given in the manner provided by law; that the polls at such election were not kept open for the time required by law, as the notice calling the election directed that the polls open at 9 a. m., and close at 2 p. m., and they were kept open only between those hours; that the original ordinance or notice of the election was approved on November 6, 1913, calling an election to be held November 12, 1913; that no provision was made for an annual tax to pay the bonds and interest; and that two thirds of the qualified voters of the town did not vote in favor of the bonds at the election. On the trial the bond was introduced in evidence. It contained, among other things, the following recitals: "The Town of Climax, in the State of Georgia and County of Decatur, hereby acknowledges itself to owe and for value received hereby promises to pay to bearer, or, if registered, to the registered holder hereof, one thousand dollars ($1000.00), on the first day of November, 1933, with interest thereon from the date hereof, at the rate of six (6) per cent. per annum, payable semi-annually on the first days of May and November in each year, upon presentation and surrender of the annexed interest coupons as they severally become due, or, in case of registration, to the registered holder of the bond. This bond is one of a series of like tenor, aggregating the sum of five thousand dollars ($5000.00), issued for the purpose of establishing a system of electric lights in said town, under authority of sections No. 440 to No. 444 of the Code of the State of Georgia, of the charter of said town, and of an election duly called and held in said town on the 12th day of November, 1913, whereat more than two thirds (2/3) of the qualified voters of said town, ascertained and determined according to law, voted in favor thereof. This bond may be registered by the holder on the books of said town at the office of the clerk of its council, such registration to be noted hereon. If registered, it shall pass only by transfer on the books of the town,

noted also hereon. It is hereby certified and recited, that all acts, conditions, and things required to be done precedent to and in the issuing of this bond have been done, happened, and been performed in regular and due form, as required by law; that a direct annual tax has been levied sufficient to provide funds for the payment of the principal and interest of this bond at maturity; and that the total indebtedness of said town, including this bond, does not exceed the statutory or constitutional limitations. In witness whereof, the Town of Climax has caused this bond to be sealed with its seal and signed in its name by its mayor, and countersigned by its clerk, and the attached, coupons to be authenticated by the fac-simile signature of its mayor, as of the first day of November, 1913." The instrument was signed by "Town of Climax. By P. H. Trulock, Mayor." It was countersigned by "R. E. Page, Clerk." The seal of the Town of Climax was affixed.

The following endorsements appear on the bond:

"State of Georgia,  
  "County of Decatur } ss.

"I, the undersigned, Clerk of the Superior Court of said county, do hereby certify, that the within bond is duly validated and confirmed by judgment of the superior court of said county, rendered on the 20th day of November, 1913, that no exceptions to said judgment have been filed, and that the time within which exceptions might be filed has expired.

"Witness my hand and seal of said court, this 3rd day of February, 1914.        C. W. Wimberley, Clerk Superior Court.

  "(Seal)                    Decatur County, Georgia."

"At the request of the holder of the within bond, for its conversion into a registered bond, I have this day cut off all the coupons attached to the said bond, and the within bond is hereby converted into a registered bond, with the principal thereof and the semi-annual interest thereon payable to the registered holder. Hereafter no transfer hereof while registered shall be effectual unless made on the books of the Clerk of Council of the Town of Climax by the registered holder or by his attorney, and noted hereon; but this bond may be discharged from registration by being so transferred to bearer, in which case the Clerk of Coun-

cil will reattach hereto all coupons then unmatured which were detached herefrom.

"R. E. Page, Clerk of Council of Town of Climax.

"Dated April 30, 1914. Decatur County, Georgia.

"*Date of registry. In whose name registered. Clerk of Council.*
        April 30, 1914.  Cameron Burnside.  R. E. Page."

The answer of the defendant admitted refusal to pay the interest coupon sued on, and by failure to answer it also admitted the allegation in the petition "that defendant has failed and still refuses to make due provision, as required by law, for the assessment and collection of annual taxes sufficient in amount to pay the principal of the debt evidenced by said issue of bonds, including the bond here in suit, as and when the same matured and shall mature."

There was a verdict in favor of the plaintiff for the amount due on the coupon with interest, and for a given amount as litigation expenses, "and in favor of plaintiff as to prayer for mandamus proceedings against the defendant." The defendant excepted to the refusal of a new trial.

*W. V. Custer* and *T. S. Hawes,* for plaintiff in error.

*Little, Powell, Smith & Goldstein* and *Hartsfield & Conger,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. In view of the evidence and the law applicable thereto, the verdict in favor of the plaintiff was demanded for principal and interest due on the coupon, and that mandamus proceedings be had against the defendant. If a municipal corporation, having general authority to issue bonds for specified purposes, puts forth a negotiable municipal bond issued for such lawful purpose, and therein recites, through its duly authorized proper officials, whose province and duty it is to ascertain and peculiarly to know the facts, compliance with the specific provisions of the law essential to the issuance of the bond, the municipality is, as against a bona fide holder of the bond, purchasing for value and on faith of the recitals, estopped to deny the truthfulness of the recitals. 19 R. C. L. 1004, 1009, §§ 298, 303, and cases cited; 28 Cyc. 1603; 2 Dill. Mun. Corp. § 928. The rule has been recognized in this State. In *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 606, 734 (32 S. E. 907), it was said: "Where a municipal cor-

poration has the power to incur a debt, and the debt is incurred
in an irregular way, it is settled law that the innocent holder of
a negotiable instrument issued by the authorities of such city, and
which recites a compliance with the law in regard to the incurring
of the debt, will be entitled to prevail in a suit to enforce the
collection of such instrument, notwithstanding a defense setting
up the irregularities in the manner in which the debt was in-
curred." What was said in *Town of Wadley* v. *Lancaster,* 124
*Ga.* 354 (52 S. E. 335), is not in conflict with the ruling here
made, nor is the ruling contrary to the provisions of the Civil
Code (1910), § 303, which reads: " Powers of all public officers
are defined by law, and all persons must take notice thereof. The
public can not be estopped by the acts of any officer done in the
exercise of a power not conferred. " It follows that the Town of
Climax was estopped from setting up any of the defenses pleaded.

2. The verdict finding for the plaintiff attorney's fees and ex-
penses of litigation was not authorized. The Civil Code (1910),
§ 4392, declares: " The expenses of litigation are not generally
allowed as a part of the damages; but if the defendant has acted
in bad faith, or has been stubbornly litigious, or has caused the
plaintiff unnecessary trouble and expense, the jury may allow
them. " Conceding, for the point, that this section is applicable
to the case at bar, there is no evidence that the contract here in-
volved was entered into by the defendant in bad faith, or pro-
cured by fraud or deceit, nor does it appear from the evidence
that the defendant was stubbornly litigious, or had caused the
plaintiff unnecessary trouble and expense. The defendant had
refused to pay the coupon sued on, and to provide by levying a
tax to meet the payment of other coupons subsequently maturing,
and to ultimately meet the principal of the bonds at maturity.
" Where there is no bad faith, there must be something more
than being put to the expense of a suit, to authorize the plaintiff
to claim attorney's fees as part of his damages. " *Pferdmenges*
v. *Butler,* 117 *Ga.* 400 (43 S. E. 695).

Direction is given that the verdict and judgment be amended
by striking from each the amount specified as expenses of liti-
gation. Costs are taxed against defendant in error.

*Judgment affirmed, with direction. All the Justices concur.*