14058.  CHANCE *v.* COMMERCIAL CREDIT COMPANY
*et al.*

The petition in this case, which is based upon an alleged agreement of attorneys, representing different clients, to combine and represent jointly these clients (whose interests were mutual), and to divide the attorney's fees, failed to set forth a cause of action as to the Commercial Credit Company. As to the defendant Myers a cause of action was set forth, but not for attorney's fees.

DECIDED JUNE 27, 1923.

Attachment; from Richmond superior court — Judge Henry C. Hammond. October 16, 1922.

*William H. Fleming, Paul T. Chance,* for plaintiff.

*C. Henry & R. S. Cohen, Callaway & Howard,* for defendants.

PER CURIAM. The plaintiff, Chance, alleged that in a certain cause he, the defendant Myers, and the firm of C. H. & R. S. Cohen, all being attorneys representing at the outset different clients, agreed to combine forces and to represent jointly their several clients, whose interests were the same, upon a stipulation that the fees were to be equally divided among the plaintiff and Myers and the firm mentioned. It appears that their clients were creditors and claimants to a fund much less than the amount of the claims. It is alleged that the plaintiff has "faithfully performed his duties as an associate," and "diligently and faithfully performed all his duties in behalf of all clients," in pursuance of the agreement, the things done being set forth with some detail; and that after all claims of their clients were allowed by the court, Myers, by a letter of a certain date, addressed to the plaintiff, did seek and attempt, and is still seeking and attempting, to avoid his contract for the division of fees, of which, under the agreement, he is indebted to the plaintiff in a stated sum, as shown by a given calculation, the plaintiff and the firm of C. H. & R. S. Cohen being ready and willing to carry out the pooling agreement. The Commercial Credit Company, one of the clients of Myers, is also made

a party defendant, in whose behalf· it is averred that Myers had full authority to associate counsel, and that he did so with its knowledge and consent. It is stated, as a conclusion, that this company is bound to the plaintiff with Myers, under the agreement made with the plaintiff by the latter. As a basis for the recovery of attorney's fees in the present action, it is alleged that as a result of their "arbitrary, unfounded, and unjust action herein, . . in their effort to avoid the just payment of fees pursuant to the terms of their written contract, petitioner has been forced to incur great expense to himself and to employ counsel in his behalf; that said parties have acted in bad faith and have been stubbornly litigious, and, under section 4392 of the Code, petitioner is entitled to recover from defendant all expense incident to this litigation."

In response to demurrers, the letters establishing the agreement and also the letter of repudiation by Myers were attached to the petition by amendment. The letter last mentioned recites that the writer, at the time of the agreement, did not have in contemplation "agreeing to the extortionate fees which I understand you [Chance] propose to 'have the court grant, in the distribution of the assets of the company, to the auditor and the auditor's attorney, as the allowance of such extortionate fees would be to my own clients' great detriment, as they have 80 per cent. of the proven claims against the estate, and especially as I am reliably informed that these very excessive fees you are asking for the auditor and his attorney are to be divided equally between these gentlemen and you, and for that reason they are asking for twice what they normally would ask and would have been glad to accept." The letter disavows any desire for a participation in the fees to be awarded to the auditor and his attorney, and in effect withdraws from the original agreement to pool.

The defendants demurred severally, upon grounds both general and special. In view of the amendment, the only special demurrer of the defendant Myers with any merit is that which disputes the claim for attorney's fees as being unauthorized by the pleadings.

If the plaintiff was guilty of the conduct charged in the quoted letter of the defendant, he would not be entitled to recover for the services which he claims to have performed under the pooling agreement. He owed an individual allegiance not only to his

original clients, but to those of the attorneys with whom he became associated. The fund to be distributed was not enough to satisfy their several claims. Any unfair reduction of it for the payment of the fees of the auditor and the auditor's attorney would have been detrimental to the interests of his clients, and a participation by him in an effort to that end would have been inconsistent with his duty to them. If, therefore, the plaintiff engaged in the conduct ascribed, Myers was justified in withdrawing from the original agreement. See, in this connection, *Larey* v. *Baker,* 86 *Ga.* 468 (1 *a*) (12 S. E. 684); *Stubinger* v. *Frey,* 116 *Ga.* 396 (42 S. E. 713); *Cox* v. *Sullivan,* 7 *Ga.* 144 (2); Baker *v.* Humphrey, 101 U. S. 494 (3) (25 L. ed. 1065).

We are not unmindful of the rule that a declaration, complaint, or equivalent pleading *alleging material and relevant facts* which are a defense to the action is bad, unless it also alleges facts avoiding such defense. 6 Stand. Enc. Procedure, 681. See also 31 Cyc. 109, § 15; 21 R. C. L. 491, § 55. This principle was recognized in *Cedartown Cotton & Export Co.* v. *Miles,* 2 *Ga. App.* 79 (1), 83 (58 S. E. 289), where it was said that, "if the facts as alleged also reasonably tend to establish some defense which would defeat the action, enough additional facts must be set out to negative this defense." We do not think this principle is applicable here, for the reason that the petition, in quoting the defendant's letter setting up the breach of the contract, does not allege any fact amounting to a defense, but only states Myers' contention as to his justification. Moreover, even if the principle could be taken as applicable, the petition, as against a general demurrer, contains a sufficient denial of its truth. It is alleged that the plaintiff diligently and faithfully performed all of his duties to his clients. This averment and the charges of the letter could not both be true. It is also alleged that the action of Myers was "arbitrary, unfounded, and unjust." Thus, even if the petition could be construed as anticipating the defense, the allegations are also sufficient to negative it. What we have said above has reference only to the petition when considered on the demurrer of the defendant Myers.

"Where a demurrer to a petition contains grounds both of general and of special demurrer, and the trial judge, without specifying the grounds or the basis of his decision, passes a gen-

eral order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered on review, if the petition is not subject to the latter." *Willingham* v. *Glover,* 28 *Ga. App.* 394 (1) (111 S. E. 206). It is objected by special demurrer that the petition stated merely the pleader's conclusions as to the liability of the Commercial Credit Company; but even giving effect to the conclusions, there is a failure to show any liability whatever as to this defendant. The petition alleges nothing that would show an agreement by the Credit Company to pay to the plaintiff anything for his services, but only that it consented for Myers to associate the petitioner on terms of an equal division of the fees which the counsel would respectively receive from their original clients, which as to Myers are alleged to have been contingent. No cause of action was set forth as against the Credit Company. See, in this connection, *Mathews* v. *Giles,* 108 *Ga.* 364 (33 S. E. 1006); *Carr* v. *Witt,* 137 *Ga.* 373 (2 *b*) (73 S. E. 668). In this view, it is unnecessary to pass upon the special demurrers of the Credit Company.

One of the special demurrers of Myers objects that the averments of liability for attorney's fees as a part of the expense of the instant litigation are but conclusions. We think that this demurrer was well taken. " Expenses of litigation are not recoverable by the plaintiff in an action for damages for the mere breach of a contract, when it does not appear that such contract was entered into by the defendant in bad faith, or procured by him by fraud or deceit." *McKenzie* v. *Mitchell,* 123 *Ga.* 72 (1) (51 S. E. 34); *Town of Climax* v. *Burnside,* 150 *Ga.* 556 (2) (104 S. E. 435). The defendant could not have been stubbornly litigious in a mere refusal to pay.

The judgment on the general demurrer of the Commercial Credit Company is affirmed. As to the defendant Myers, the petition not being subject to general demurrer, the order dismissing it is reversed; but the ground of special demurrer, going not to the whole petition but only attacking the claim for attorney's fees, was properly sustained.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur. Bell, J., dissents.*

BELL, J., dissenting. I am inclined to the opinion that the petition is subject to the defect of anticipating a defense without negativing it; and while I concede this is doubtful, there is yet another view from which I can find no escape and which equally demands that the plaintiff should deny the charges contained in Myers' letter. It is this: The letter, until some part of it is denied, must be considered as a whole. If it is pleaded for the purpose of showing that Myers refuses to go forward with his agreement, it must also be considered as showing the reasons for that refusal. If effect be given to the part which shows the refusal, then a consistent and like effect must be given to the part setting forth a justification, unless there is an averment negativing its truth. Thus considered, the letter, standing by itself, is insufficient to show a breach, but shows merely a justified refusal.

I am satisfied that the petition, in any view, should contain a denial of the statements of the letter. Is there a sufficient denial set forth therein to withstand the demurrer? While it is averred that the plaintiff faithfully and diligently performed all of his duties to all clients, this would have been necessary if the letter had not been pleaded, and is not a fulfillment of the necessity of negativing its truth. Neither am I unmindful that in the paragraph counting for the recovery of the expense of the present litigation, it is averred that " as a result of the arbitrary, unfounded, and unjust action " on the part of the defendants, " in their effort to avoid the just payment of fees, . . petitioner has been forced to incur great expense," etc. But these allegations are rather to be considered as a contention, like a demurrer, that the facts set out in the letter are insufficient in law as a reason for the repudiation by Myers of his agreement. It is also noticed that these averments, as well as the allegation that the plaintiff faithfully discharged his duties to his clients, are a part of the original petition, and could hardly be treated as a denial of the truth of the letter, which was not set out either literally or in substance in the petition at first, but annexed by amendment.

To say that a thing is " arbitrary " clearly does not imply that it is untrue. " Unjust " comes nearer, but not quite, to that meaning, being defined as " Not legitimate or fair; wrongful; contrary to right and justice; not equitable or upright; unrighteous, not rendering what is due." A thing may be " unfounded "

either in law or in fact. This term is ambiguous and must be construed most strongly against the pleader, as indicating an intention only of alleging that the action of Myers was unfounded in law; that is, insufficient as a reason for his action, if true. Furthermore, the averments here considered were directed by the plaintiff to the recovery of the expense of ligitation, after the work of laying his case was finished. The structure of the petition for the principal recovery had already been erected, and the pleader had gone to the separate and subordinate matter of costs, and, whatever their meaning, the allegations in this connection shed but little light upon the main case.

It is the duty of the plaintiff to allege plainly and distinctly all necessary facts. If his language is so vague or ambiguous that it can not be reasonably determined whether he intended to plead a denial of the statements of the letter or not, the language on demurrer, under a familiar rule of construction, must be construed not to imply such intention, provided the denial was necessary, as the writer believes it was. *Cedartown Cotton Co.* v. *Miles,* 2 *Ga. App.* 79 (1) (58 S. E. 289).

Nothing I have stated is intended to imply any opinion that the plaintiff is guilty of the conduct referred to. I have reference solely to the sufficiency of a pleading.

I think that both general demurrers were properly sustained.