### 24253. SCHAFER BAKING COMPANY *v.* GREENBERG.

DECIDED MAY 25, 1935,

*Gordon Saussy, J. T. Wells Jr., William L. Clay,* for plaintiff in error.

*Abrahams, Bouhan, Atkinson & Lawrence, Emanuel Kronstadt,* contra.

BROYLES, C. J. 1. The petition as finally amended set out a cause of action, and none of the exceptions to the rulings upon the pleadings discloses reversible error.

2. Under the facts of the case it does not appear that the court erred in denying the defendant's motion to withhold from the jury certain interrogatories of a witness, and to order them returned to the commissioner before whom they had been taken, for the purpose of having the witness more fully answer the cross-interrogatories and for their proper execution and return, on the ground that the interrogatories had been improperly executed and that the witness had refused to answer fully certain specified cross-interrogatories; and had refused to attach thereto certain original documents called for therein.

3. This was a suit by Nathan Greenberg for damages for the alleged breach of a certain contract entered into by the plaintiff and Schafer Baking Company, the defendant. The petition alleged that the defendant, by a duly authorized agent, signed the contract whereby it agreed to sell to the plaintiff certain real estate in the city of Savannah, contingent upon the acceptance by the United States Post-office Department of the said premises under lease as a garage; that thereafter said department accepted the premises, and that the defendant, after being notified of such acceptance, refused to perform the terms of the contract, and that such refusal was wilful, malicious, and done in bad faith, and caused the damage set forth in the petition. The plaintiff claimed special damages in the sum of $287.50 (setting out the items thereof), the further sum of $8016.80—representing the loss of net profits at the rate of $801.60 per annum for a period of ten years—which he would have received from the United States Post-office Department if the contract had been carried out by the defendant, and the further sum of $2500 for attorney's fees incurred by the defendant's "stubborn litigiousness and its wilful breach of the contract." The jury returned the following verdict: Dam-

ages, $5000. Refund of deposit [special damages], $200. Attorney's fees, $1300. Total, $6500. Under the evidence adduced upon the trial the plaintiff substantially proved his case as alleged, except as to the claim for attorney's fees, and none of the special grounds of the motion for a new trial shows cause for a reversal of the judgment.

4. However, that portion of the verdict finding $1300 for attorney's fees is contrary to law and the evidence. "'Expenses of litigation [including attorney's fees] are not recoverable by the plaintiff in an action for damages for the mere breach of a contract when it does not appear that such contract was entered into by the defendant in bad faith or procured by him by fraud or deceit.' *McKenzie* v. *Milchell,* 123 *Ga.* 72 (1) (51 S. E. 34); *Town of Climax* v. *Burnside,* 150 *Ga.* 556 (2) (104 S. E. 435). The defendant could not have been stubbornly litigious in a mere refusal to pay." *Chance* v. *Commercial Credit Co.,* 30 *Ga. App.* 543, 546 (118 S. E. 465). Furthermore, where the amount of the defendant's liability as established by the jury was substantially less than the amount sued for, a finding for attorney's fees was unauthorized. *Queen Insurance Co.* v. *Peters,* 10 *Ga. App.* 289 (4) (73 S. E. 536); *Atlanta Life Insurance Co.* v. *Jackson,* 34 *Ga. App.* 555 (6) (130 S. E. 378); *Southern Mutual Insurance Co.* v. *Turnley,* 100 *Ga.* 296 (10), 304 (27 S. E. 975); *Love* v. *National Liberty Ins. Co.,* 157 *Ga.* 259 (4), 271 (121 S. E. 648). In the instant case the jury awarded to the plaintiff, exclusive of the $1300 returned as attorney's fees, the sum of $5200, which was an amount substantially less than the amount claimed and sued for (exclusive of the $2500 sued for as attorney's fees), to wit, $8304.30. The recovery of attorney's fees "is a penalty. Penalties and forfeitures are not favored. The right to such recovery must be clearly shown." *Love* v. *Nat. Ins. Co.,* supra.

5. The judgment overruling the defendant's motion for a new trial will be affirmed, provided the plaintiff, at the time the remittitur from this court is made the judgment of the trial court, will write off from the judgment the amount found as attorney's fees; otherwise the judgment is reversed. The costs of bringing the case to this court are taxed against the defendant in error.

*Judgment affirmed on condition. MacIntyre and Guerry, JJ., concur.*