28466. MARYLAND CASUALTY COMPANY *v.* SAMMONS, for use, etc.

DECIDED OCTOBER 5, 1940.

326

*Joseph W. Popper,* for plaintiff in error. *W. H. Harris,* contra.

FELTON, J. (After stating the foregoing facts.)

1. There is no merit in either of the special demurrers.

2. It was not error to overrule the general demurrer. Construing the petition against the plaintiff, the contract with his attorney contemplated legal services in representing the damage suit and prosecuting his claim against the insurance company for the amount of damages awarded (up to the amount provided in the policy) against him in the damage suit, because the attorney agreed to "see him through." He could not see him through if he stopped short of exhausting his efforts to cause the insurance company to pay the judgment against him. Moreover, the fact that the attorney, with the plaintiff's consent, defended the case in the United States court under this agreement precludes any other idea. Under the provisions of the policy the insurance company is liable to the plaintiff for any injury resulting from its failure to defend the damage suit. Therefore the petition set out a cause of action. The petition, however, does not set out a cause of action for expense incurred in the case in the Federal court, for the reason that it was in effect a suit against the insurance company on the policy, in which the liability of the company to Sammons on the policy was involved, and the policy does not provide for the payment of expenses or attorney's fees in such a case; and the petition is not predicated upon the idea that the case in the Federal court was brought in bad faith, or that the insurance company was stubbornly litigious. The situation is the same as if the petition for a declaratory judgment had not been filed. If Crandall had obtained a judgment against Sammons and the insurance company had refused to pay it, Sammons would have had a cause of action against it for the amount of the judgment up to

the amount contracted for, plus the costs incurred in defending the damage suit. He would not in such a case have a cause of action for expenses of the suit against the insurance company, unless the insurance company had acted in bad faith, or fraudulently, or had been stubbornly litigious. *Lovell* v. *Frankum,* 145 *Ga.* 106 (88 S. E. 569); *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (6, 7) (45 S. E. 426); *McKenzie* v. *Mitchell,* 123 *Ga.* 72 (51 S. E. 34); *Pylant* v. *Schoen,* 35 *Ga. App.* 133 (132 S. E. 461); *Schafer Baking Co.* v. *Greenberg,* 51 *Ga. App.* 324 (180 S. E. 499); *Edwards* v. *Kellogg,* 121 *Ga.* 373 (49 S. E. 279); *Fender* v. *Ramsey,* 131 *Ga.* 440 (62 S. E. 527); *Atlantic Coast Line R. Co.* v. *Nellwood Lumber Co.,* 21 *Ga. App.* 209 (94 S. E. 86); *Talmadge* v. *McDonald,* 44 *Ga. App.* 728 (162 S. E. 856). Every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule just stated, whether the issues are made affirmatively or defensively, without paying the attorney's fees of the opposite party in such a suit. There was no error in overruling the demurrers.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*