Where an insurance company, in a contract of insurance, agrees to defend a suit against the insured, brought because of injuries inflicted by the automobile of the insured described in the policy, upon failure of the insurance company to defend such a suit it is liable to the insured for damages for such failure, if it is otherwise liable under the provisions of the policy; but where a suit is instituted by the insurance company in a Federal court praying for a declaratory judgment upon its ultimate liability under the policy, the insurance company is not liable for attorney's fees and expenses incurred in such a proceeding in the absence of contract and in the absence of fraud, bad faith, and stubborn litigiousness.
 DECIDED OCTOBER 5, 1940.
Jack L. Sammons sued the Maryland Casualty Company for damages alleged to have resulted from the breach of an insurance contract carrying bodily-injury liability and property-damage liability coverages. The policy provided, among other things, "I. Coverage A. Bodily-injury liability. To pay on behalf of the insured all such sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile. II. Defense, settlement, supplementary payments. It is further *Page 324 
agreed that as respects insurance afforded by this policy under coverage A and B the company shall (a) defend in his name and behalf any suit against the insured, alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation, and settlement of any claim or suit as may be deemed expedient by the company; (b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, and any expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of the accident. . . 5. Notice of accident, claim, or suit. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents, as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, and circumstances of the accident, the name and address of the injured and of any available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative."
On February 15, 1938, John R. Crandall sued Jack L. Sammons, in the city court of Macon, for damages alleged to have resulted from the operation of Sammons' automobile covered by the automobile policy alleged to have been breached. Sammons delivered the copy of the suit to the insurance company, and otherwise complied with the provisions of the policy in such respects. The insurance company refused to defend the suit against Sammons unless Sammons would sign a non-waiver agreement, which he refused to do. Thereupon Sammons employed C. L. Shepard, an attorney at law, "to see plaintiff through in the matter," agreeing *Page 325 
to pay him a fee of $1000. The company continued to refuse to defend the damage suit, and Shepard filed demurrers and answer therein. On April 9, 1938, the Maryland Casualty Company filed its petition in the district court of the United States, middle district of Georgia, Macon division, seeking a declaratory judgment as to its liability under the policy issued to Sammons, in which proceedings Shepard filed pleadings as Sammons' attorney. This issue was tried in June, 1938, resulting in a finding against the Maryland Casualty Company. This ruling was appealed to the Circuit Court of Appeals for the fifth circuit, and resulted in an affirmance of the judgment of the district court. Writ of certiorari was denied by the Supreme Court of the United States. C. L. Shepard represented Sammons in these proceedings. The Maryland Casualty Company then took up the defense of the damage suit in the city court of Macon. Shepard retired from the case, and voluntarily reduced his fee to $750 because he was not required to defend the damage suit, which fee Sammons approved and agreed to pay. There was never any separate valuation placed on the services of Shepard respecting the damage suit and the claim against the insurance company. The suit as amended, alleging substantially the facts stated above, sought recovery of $750 as attorney's fees for Shepard's services in all the litigation above described, $31.35 for six trips made by Shepard to Macon and expenses during those days, $1.85 long-distance telephone calls, $15 costs in the Federal court paid by Sammons, $10 expense of Sammons' trips to Fort Valley and Knoxville, Georgia, and $3.45 for Sammons' telephone calls to Atlanta and Fort Valley. The Maryland Casualty Company filed the following demurrers: "1. Petition sets forth no cause of action. 2. Defendant demurs generally to said petition, upon the further ground that it does not appear that the said Jack L. Sammons has been injured or damaged by reason of the alleged breach of the contract on the part of this defendant. 3. Defendant demurs specially to said petition and to the allegations contained in paragraph 18 thereof, upon the ground that it is entitled to have the charge of seven hundred fifty ($750) dollars for services rendered itemized, so that it may know what part of said charges were for services rendered in the United States court and what part was for services rendered in the city court of Macon. Defendant *Page 326 
further demurs specially to paragraph 18, upon the ground that it is entitled to have the expenses set forth in said paragraph itemized and allocated as to the services rendered in the United States court and in the State court. 4. The defendant further demurs to said petition, upon the ground that it appears upon the face thereof that it was a proceeding in its petition for declaratory judgment upon a valid and subsisting Federal statute (28 U.S.C.A. 400)." The demurrers were overruled, and the Maryland Casualty Company excepted.
1. There is no merit in either of the special demurrers.
2. It was not error to overrule the general demurrer. Construing the petition against the plaintiff, the contract with his attorney contemplated legal services in representing the damage suit and prosecuting his claim against the insurance company for the amount of damages awarded (up to the amount provided in the policy) against him in the damage suit, because the attorney agreed to "see him through." He could not see him through if he stopped short of exhausting his efforts to cause the insurance company to pay the judgment against him. Moreover, the fact that the attorney, with the plaintiff's consent, defended the case in the United States court under this agreement precludes any other idea. Under the provisions of the policy the insurance company is liable to the plaintiff for any injury resulting from its failure to defend the damage suit. Therefore the petition set out a cause of action. The petition, however, does not set out a cause of action for expenses incurred in the case in the Federal court, for the reason that it was in effect a suit against the insurance company on the policy, in which the liability of the company to Sammons on the policy was involved, and the policy does not provide for the payment of expenses or attorney's fees in such a case; and the petition is not predicated upon the idea that the case in the Federal court was brought in bad faith, or that the insurance company was stubbornly litigious. The situation is the same as if the petition for a declaratory judgment had not been filed. If Crandall had obtained a judgment against Sammons and the insurance company had refused to pay it, Sammons would have had a cause of action against it for the amount of the judgment up to *Page 327 
the amount contracted for, plus the costs incurred in defending the damage suit. He would not in such a case have a cause of action for expenses of the suit against the insurance company, unless the insurance company had acted in bad faith, or fraudulently, or had been stubbornly litigious. Lovell v. Frankum, 145 Ga. 106 (88 S.E. 569); Traders Insurance Co. v. Mann, 118 Ga. 381
(6, 7) (45 S.E. 426); McKenzie v. Mitchell, 123 Ga. 72
(51 S.E. 34); Pylant v. Schoen, 35 Ga. App. 133 (132 S.E. 461); Schafer Baking Co. v. Greenberg,51 Ga. App. 324 (180 S.E. 499); Edwards v. Kellogg,121 Ga. 373 (49 S.E. 279); Fender v. Ramsey, 131 Ga. 440
(62 S.E. 527); Atlantic Coast Line R. Co. v. NellwoodLumber Co., 21 Ga. App. 209 (94 S.E. 86); Talmadge v.McDonald, 44 Ga. App. 728 (162 S.E. 856). Every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule just stated, whether the issues are made affirmatively or defensively, without paying the attorney's fees of the opposite party in such a suit. There was no error in overruling the demurrers.
Judgment affirmed. Stephens, P. J., and Sutton, J.,concur.