33029. STELLING *v.* RICHMOND COUNTY *et al.*

DECIDED MAY 9, 1950.

*Congdon, Harper & Leonard,* for plaintiff.
*Franklin H. Pierce,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ Grounds 4 and 5 of the general demurrer and grounds 2 and 3 of special demurrer seek to attack the petition upon the theory that the county has no authority to appoint an auditor, that no contract was entered into between the parties and spread upon the minutes, and that no copy of such contract is attached to the petition. The Board of County Commissioners of Richmond County was created by statute and vested with specific powers, among them "examining and auditing the accounts of all officers having the care, management, keeping, collection or disbursement of money belonging to the county." Ga. L. 1883, p. 528; Ga. L. 1907, p. 324. Commissioners of roads and revenues generally also have the power vested in them by statute, whenever they deem it necessary to do so, to employ an expert accountant to examine and report on the books, vouchers and accounts of all county officers. Code, § 23-1301; *Burke* v. *Wheeler County,* 54 *Ga. App.* 81 (187 S. E. 246). Ordinarily, contracts

of employment should be in writing and entered on the minutes. *Sosebee* v. *Hall County,* 50 *Ga. App.* 21 (177 S. E. 71); *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343); *Ward* v. *State Highway Board,* 172 *Ga.* 414 (157 S. E. 328). However, the Board of Commissioners of Richmond County is by express statutory provision empowered to examine and audit the books and accounts of Richmond County. By general statutory provision they are authorized to delegate this power to an expert accountant. Where a power conferred by statute is delegated in accordance with the terms thereof, a public office is in effect created. As was stated in *Templeman* v. *Jeffries,* 172 *Ga.* 895, 901 (159 S. E. 248), "Where a statute by implication authorizes the county commissioners to appoint an officer in and for a county, the action of the commissioners in so doing is done by them as an agency of the State. The relation between the county and the county attorney does not rest upon contract, but arises from appointment authorized by a legislative enactment. . . An individual who has a designation or title given him by law, and who exercises functions concerning the public assigned to him by law, is a public officer. *Bradford* v. *Justices,* 33 *Ga.* 332. An office is a public station or employment conferred by the appointment of the government. Any one is a public officer who is appointed by the government and has any duty to perform concerning the public. Nor does it matter that his authority or duty is confined to very narrow limits. *Polk* v. *James,* 68 *Ga.* 128." Where the legislature creates an office the duties of which are indicated with reasonable certainty, and leaves to the county commissioners the designation of the person to fill such office and the salary to be paid, the passage of a resolution by the commissioners fixing the salary and term is sufficient, and no written contract need be entered into. *Templeman* v. *Jeffries,* supra; *Walker* v. *Stephens,* 175 *Ga.* 405 (1-a) (165 S. E. 99). Where the legislature expressly confers a power upon the commissioners, and also expressly confers the right to delegate such power, the same result is obtained. *Goss* v. *Gordon County,* 35 *Ga. App.* 325 (133 S. E. 68). It follows therefore that the allegation that the plaintiff was appointed by the commissioners, and that a copy of such

appointment was duly spread upon the minutes, is sufficient to show a lawful appointment to the office.

It is further contended in the third ground of demurrer that this suit is barred by the statute of limitations, in that the breach of contract occurred in January, 1947, and the suit was filed more than a year thereafter, in contravention of Code § 23-1602. The purpose of the law requiring claims to be presented within a year of their accrual is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation. *Davis* v. *Cobb County,* 65 *Ga. App.* 533 (15 S. E. 2d, 814). It further serves a purpose in that, at the beginning of the year, county authorities generally estimate their budget requirements as a basis for the levying of taxes; they thereafter make commitments and pay out funds, and some method is needed for controlling the presentation of delayed claims which might be brought in subsequent years, with the result that suits would be brought and judgments obtained that could only be paid by diverting tax money levied for other purposes. This reasoning does not apply in the case of official salaries, where the county is informed in advance of its liabilities by reason of its own acts in employing or retaining personnel. Salaries of public officers which have been fixed by law do not come within the bar of this statute. *Sammons* v. *Glascock County,* 161 *Ga.* 893 (131 S. E. 881); *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865); *MacNeill* v. *Steele,* 186 *Ga.* 792 (199 S. E. 99). And, where the office is created by statute and the right to employ the officer specifically delegated to the county commissioners, salary fixed by the latter pursuant to such legislative authority is likewise outside the purview of this section. Further, the Tenure Act itself (Ga. L. Ex. Sess. 1937-38, p. 875) specifically provides that when abolition of an office is resorted to as a subterfuge to discharge an employee, he shall have an action as for a breach of contract. The statute of limitations in this case is therefore four years, as in cases of breach of contract. See Code, § 3-706.

██ ██ An appointment such as the one here alleged, while sufficient as the basis of a suit for salary earned, would not ordinarily avail the plaintiff as to salary for services not actually performed, and if the plaintiff here has a cause of action it must

be by virtue of the Tenure Act (Ga. L. Ex. Sess. 1937-38, p. 875) applicable to Richmond County and as for a breach of contract. Although *Long* v. *Wells,* 186 *Ga.* 602 (198 S. E. 763), and *Board of Education of Richmond County* v. *Young,* 187 *Ga.* 644 (1 S. E. 2d, 739) deal with the relationship between school teachers and county boards of education rather than county officers or employees, yet in those cases it was in effect held that, although a general State law (Code, § 32-913) provides that such contracts must be in writing, the Tenure Act obviated the necessity for the written contracts so far as the employment of the teachers by the board of education was concerned. There, as here, the Tenure Act itself, once its provisions have been complied with, creates the necessary contractual relationship between the parties. Here the original appointment was in 1937, and the plaintiff fulfilled the duties of his office from year to year thereafter at the will of the appointing power, the board of commissioners. He alleges that he was a "permanent employee." This is perfectly consistent with his indefinite status for, in the absence of specific contract or legislative enactment, "permanent" employment is indefinite and may be terminated by either party at any time. *Bentley* v. *Smith,* 3 *Ga. App.* (4) (59 S. E. 720). This status, however, ceased to become indefinite upon the passage of the Richmond County Tenure Act (Ga. L. Ex. Sess. 1937-38, p. 875). Sections 4 and 5 thereof provide that all persons who, on or after February 1, 1939, become permanent employees by reason of continuous employment for a probationary period of one year may be removed only in the manner set forth in the act. A permanent employee is one who has been continuously employed for the probationary period. The petition therefore sets forth facts sufficient to show permanent employment on the part of the plaintiff.

But it is contended that the Tenure Act is not applicable in that its provisions do not apply to "casual or temporary employees; that is, those employed, or who may be employed, at the will of the Board of Commissioners of Roads and Revenues," and that the plaintiff, whose original appointment to the office was at the will of the commissioners, remained a casual or temporary employee and never achieved permanent status by reason of service during the probationary period. If it had been the in-

tention of the legislature to exclude all persons who were appointed and employed at the will of the commissioners at the time of passage of the act, the result would be that the act would afford no coverage to anyone, since it is admitted by counsel that, with the exception of the county attorney, there are in the county no persons not otherwise excluded who were not so employed. Where a statute is susceptible of two constructions, one of which would render it meaningless and the other would give it force and effect, the intention of the legislature shoud be so construed as not to render the act absurd and ineffective. *State v. Camp,* 189 *Ga.* 209 (6 S. E. 2d, 299); *Scott* v. *Mount Airy,* 186 *Ga.* 652 (198 S. E. 693); *Winter* v. *Jones,* 10 *Ga.* 190 (54 Am. D. 379). The Tenure Act in this case is not so construed.

■ The petition is further attacked upon the ground that it fails to allege that the petitioner demanded of the Board of Commissioners of Roads and Revenues of Richmond County their reasons for his discharge. It should be noted that this case is based upon a tenure act of Richmond County almost identical with a tenure act of the City Council of Augusta (Ga. L. 1937-38, pp. 938-943), and that the allegations of the petition closely follow those in *City Council of Augusta* v. *Stelling,* 80 *Ga. App.* 84 (55 S. E. 2d, 649), and *City Council of Augusta* v. *Killebrew,* 81 *Ga. App.* 86 (supra), both of which involve actions for salary where it is alleged that the governing authority abolished the position as a subterfuge, if violation of the section of the act which states that, if the abolition of a position is resorted to as a subterfuge to discharge such employee, and was not justified, such employee shall have his action therefor as for a breach of contract. In the *Killebrew* case it was held that, where suit is brought under the provisions of this section, the section of the act relative to preference of charges and hearing is not applicable. Likewise, in the *Stelling* case, it was stated, "If these allegations be true, and on general demurrer we must consider them as true, the discharge of the employee in the instant case was directly in the teeth of sections 10 and 11 of the act of 1937 amending the charter of the City of Augusta. We might here also call attention to the fact that the allegations of the petition in the instant case state. . . that the City of Augusta was in need of the services of an auditor

and immediately after the passage of the ordinance in question abolishing the position of auditor, another person was employed to do the identical work of the employee. . . The principle of providing security for employees who are efficient and faithful in public service, where such position is needed and can be afforded by a governmental authority, has in recent years been spreading throughout all governmental institutions and in private industry as well. And society as a whole in the main seems to support it."

Under the allegations of this petition, the sections of the act dealing with discharge for cause, preference of charges and notice of hearing, have no application, and the plaintiff was not required to allege that he demanded of the Board of Commissioners of Roads and Revenues of Richmond County their reasons for his discharge.

■ Ground 17 demurs specially to that paragraph of the petition which seeks to recover attorney fees by reason of the bad faith of the defendant. Code § 20-1404, upon which this element of damage is sought, provides as follows: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The expenses of litigation under this Code section may be recovered under three theories, as follows: (1) Where the defendant has acted in bad faith (*McKenzie* v. *Mitchell,* 123 *Ga.* 72, 51 S. E. 34), or has been stubbornly litigious (*Bankers Health & Life Ins. Co.* v. *Plumer,* 67 *Ga. App.* 725, 21 S. E. 2d, 515), or (3) has caused the plaintiff unnecessary trouble and expense (*Mendel* v. *Leader,* 136 *Ga.* 442 (3) 71 S. E. 753). Construing the petition here most strongly against the pleader, it appears that the action for attorney fees as a part of the expense of litigation is based solely on the first of these theories, that is, bad faith. The bad faith referred to in this Code section is not, in suits for breaches of contract, bad faith in refusing to pay. The bad faith necessary to authorize recovery in suits for breaches of contract is bad faith in entering into the contract, or where it is procured by fraud or deceit. *McKenzie* v. *Mitchell,* 123 *Ga.* 72 (1) (supra); *Town of Climax* v. *Burnside,* 150 *Ga.* 556(2) (104 S. E. 435);

*Chance* v. *Commercial Credit Co.*, 30 *Ga. App.* 543 (118 S. E. 465); *Schafer Baking Co.* v. *Greenberg*, 51 *Ga. App.* 324 (180 S. E. 499); *Lovell* v. *Frankum*, 145 *Ga.* 106 (88 S. E. 569). The contractual relationship in this instance having arisen by operation of law, no such bad faith is shown as would justify the imposition of attorney fees as a penalty, and ground 17 of the demurrer was properly sustained.

■ Ground 1 of the special demurrer attacks the petition for misjoinder of parties, in that the named Commissioners of Roads and Revenues are joined as codefendants with Richmond County in their representative capacities. In all cases where the county is the proper defendant, it, and not its agents in their representative capacities, is the proper defendant. Code, § 23-1501; *Norris* v. *Nixon*, 78 *Ga. App.* 769 (52 S. E. 2d, 529). The payment of salary to county officers and employees is an obligation of the county, and it was properly named as defendant. The names of the County Commissioners should therefore be stricken so that the suit may proceed against the defendant Richmond County.

■ The remaining grounds of special demurrer not herein passed upon are without merit.

The trial court erred in overruling all the demurrers to the petition, except as to grounds 1 and 17 of the special demurrers.

*Judgment affirmed in part and reversed in part. MacIntyre, P. J., and Gardner, J., concur.*