BOARD OF SUPERVISORS OF DE SOTO COUNTY *v.* J. H. P. WESTBROOK.

HEALTH OFFICER.  *Salary made nominal.  Effect.  Section* 790, *Code* 1880.  *Case in judgment.*

Section 790, Code of 1880, provides for the appointment by the governor of a health officer in each county, whose salary is to be fixed by the board of supervisors of the county. W. was appointed health officer of the county of D. and his salary fixed at fifteen dollars per month. Afterward the board of supervisors reduced the salary to one dollar per month. W. continued to serve as health officer for some months, and then sued the board of supervisors for the reasonable value of his services, which he estimated at fifteen dollars per month. There was evidence at the trial which tended to show that plaintiff's services were worth what he demanded, and that the salary of one dollar per month was totally inadequate therefor. The verdict and judgment were in favor of plaintiff for the amount of his demand. *Held,* that the action of the board of supervisors in reducing W.'s salary, being practically an attempt to abolish his office, was a nullity, and the salary previously fixed was not thereby changed.

APPEAL from the Circuit Court of De Soto County.

HON. A. T. ROANE, Judge.

On April 7, 1880, Dr. J. H. P. Westbrook was duly appointed "health officer" of De Soto County by the governor, and at the expiration of his two years' term was reappointed. At the July term, 1880, of the board of supervisors the salary of the health officer was fixed at fifteen dollars per month. At the July term, 1882, the board of supervisors passed an order fixing the salary of the "health officer" at one dollar per month. Dr. Westbrook served till October 30, 1882, when he resigned and brought this

action against the board of supervisors for the amount of his salary from April 7, 1880, to July 1, 1882, at fifteen dollars per month, and for the value of his services from July 1, 1882, to October 30, 1882, which he estimated at fifteen dollars per month, less the amount he had been paid. The amount claimed by him on this basis was one hundred dollars, and the jury found for him in that sum. There was evidence to the effect that he had performed the services in a satisfactory manner, and that fifteen dollars per month was a reasonable price for the services rendered, and that one dollar per month was totally inadequate. The verdict and judgment were in favor of the plaintiff for the amount of his demand, and the board of supervisors appealed.

*Malone & Watson,* for the appellant.

The instructions of the court for the plaintiff and then for defendant conflict and contradict each other, and could only confuse the jury and not enlighten them.

In one set they are told substantially that the jury may judge whether the salary is too low, and if so the jury may disregard the action of the board of supervisors in fixing the salary and fix it themselves, and in the other that the board had the exclusive right to fix the salary.

Three members of the board testify that the salary was fixed by them honestly and in good faith, and there is nothing to show that this was not true.

In regard to the amount claimed for services from April 7, 1880, to July 1, 1880, there is no competent evidence to support the verdict.

*White & Witherspoon,* for the appellee.

The board of supervisors had the authority to fix the salary of the chief health officer. But if in fixing it they placed the amount so clearly insufficient as to show a disregard of his rights and an attempt to evade the statutes, then it was proper for the jury to find an amount in their opinion just. An office cannot be thus indirectly abolished.

ARNOLD, J., delivered the opinion of the court.

By § 790 of the code, it was the duty of appellant to fix the salary of the chief health officer of their county.   What the salary should be was a matter within their discretion, provided they did not exceed the maximum specified in the statute or place it so low as to virtually abolish the office in the county.   Within these limits, the salary should have been fixed at what the services of the officer were reasonably worth, and on this basis it might. have been changed from time to time,. if deemed necessary and proper.   But the laws for the protection of the public health, under which appellee was appointed, are of general application, and cannot be nullified in any county by the failure of the board of supervisors to fix the salary of the general health officer of the county, after he has been duly appointed, or by their fixing it at a rate so far below the maximum that no competent physician will accept the office. If the operation of the law is unsatisfactory in any county, it must find relief in the mode provided by the statute or from the legislature.   The statute cannot be repealed or abrogated, directly or indirectly, by a board of supervisors.

The jury accepted as true the testimony that one dollar per month was not adequate compensation for the services rendered, and there was no effort to show neglect of duty or want of qualification on the part of appellee, or that the services of a competent physician could have been secured for the reduced salary.

It appears that the action of appellants in reducing the salary of the chief health officer of their county from fifteen dollars to one dollar per month was intended to dispense with the office in that county altogether, and that practically it was an ouster by indirection of appellee from the office which had been created, and to which he had been appointed by an authority higher than the board of supervisors.   Such action was a nullity, and the salary previously fixed by the board was not thereby changed.

*On the facts of record the result reached in the court below was right, and the judgment is affirmed.*