58   547
70L 271

THE PENNSYLVANIA RAILROAD COMPANY, defendant and appellant,

*v.*

THE MAYOR, &C., OF THE CITY OF BURLINGTON, complainant and respondent.

[Filed June 19th, 1899.]

1. In 1833 the municipal authorities of Burlington had no power to grant to the Camden and Amboy Railroad Company the right to construct and operate a steam railroad longitudinally through a street in the city.

2. An act of the legislature passed in 1896, to ratify and confirm such a grant, would be, if operative for the laying of additional tracks, a special law "granting to the corporation the right to lay down railroad tracks," and therefore a violation of the constitutional interdict against such special laws.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *Burlington v. Pennsylvania Railroad Co., 11 Dick. Ch. Rep. 259.*

*Mr. Joseph H. Gaskill* and *Mr. Samuel H. Grey*, attorney-general, for the appellant.

*Mr. Howard Flanders* and *Mr. Samuel W. Beldon*, for the respondent.

The opinion of the court was delivered by

Dixon, J.

The object of the bill in this case is to restrain the defendant from laying a steam railroad track longitudinally through Broad street, in the city of Burlington, and to compel the removal of such portion of said track as was in process of construction when the bill was filed.

The defendant claims the right to lay this track by virtue of an agreement made in 1833 between the city of Burlington and the Camden and Amboy Railroad and Transportation Company, the lessor of the defendant. For the reasons given by Vice-Chancellor Reed in advising the order now under review, we think that agreement was, when made, beyond the powers delegated by the legislature to the municipality, and was therefore void so far as it purported to impair the public easement in the highway.

The defendant further insists that the legislature ratified this agreement by a statute passed April 9th, 1896 (*P. L. of 1896 p. 228*), and that consequently it is now as effective as if originally authorized. The clause of this statute thus invoked enacts that any contract theretofore made by any city not of the first class, with any railroad company whose road then entered or lay within the city or whose route had been located therein, which contract granted to the company the right to lay its road and construct its tracks in, through, along and upon any of the roads or streets of the city, was by said statute fully authorized, ratified and confirmed.

The terms of the statute, if operative, would have the force for which the defendant contends, but we think that to allow them such force would be in violation of the constitutional provision which forbids the passing of local or special laws "granting to any corporation, association or individual the right to lay down railroad tracks."

As we are of opinion that before the passage of this statute the defendant had not the right to lay the track now in controversy, and the right could only be derived from the legislature,

evidently, if by force of the statute such a right was obtained, the statute, within the meaning of the constitution, granted the right to lay the track, and the question then arises whether, in that feature, the statute is local or special.

In considering this question it should be noted that this provision of the statute is distinguishable from enactments which merely remedy the defective or irregular execution of existing powers. The legislature had never even attempted to authorize the city of Burlington to burden the public highways with steam railroads running thereon longitudinally. Hence, the statute cannot be regarded as the mere waiver of formal objections, which a principal might, but need not, interpose against the act of an agent. It is itself the sole source of legislative authority.

The railroad companies which, at the passage of this statute, had void "contracts" with any city of the state not of the first class were certainly few in number. So far as appears in this case, that before us is the only one. But if there be others we do not see how the possession of such writings could form a rational basis on which those companies might be deemed a distinct class, for the purpose of receiving from the legislature an absolute grant of the right to lay tracks within municipalities which, at any time in the past, had assented to the writings. Necessarily, the statute can operate only in particular and exceptional instances, whether the companies or the municipalities be regarded, and neither the companies nor the municipalities differ from others of similar character in any point relevant to the object of this law, save that they have mutually executed writings which intrinsically are without legal force. Such a circumstance is too insignificant and unimportant to justify and support the classification suggested.

We therefore think this provision of the act is special and unconstitutional.

The defendant further urges that, as it has paid to the city $100 annually since the agreement was made, in accordance with the contract, and as the consideration for the rights which it purported to confer, the city is estopped from denying the validity of the grant. But these payments have been received

by the city in its proprietary capacity only, and cannot be made a ground for absolving the municipality from its governmental duty of preserving the public highway from illegal obstruction.

As to the allowance of a preliminary injunction, when the infraction of the public right is clear, the case of *Easton and Amboy Railroad Co.* ads. *Greenwich, 10 C. E. Gr. 565,* affords a satisfactory precedent.

The order appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, NIXON, VREDENBURGH—12.

*For reversal*—None.