## MELNICK *et al.* v. CITY OF ATLANTA.

PER CURIAM.  1.  The general tax ordinance of the City of Atlanta for the fiscal year ending June 30, 1916, contained three provisions for business licenses, as follows:   A. "Junk gatherers, by wagon or otherwise, of plumbing, gas fixtures, automobile fixtures, and other metals, each gatherer, $300.00."   B. "Junk gatherers, by wagon or otherwise, bottles, rags, and paper, each wagon, $25.00."   C. "Junk shop or dealers in old rope, brass, or rags, whether in connection with any other business or not, subject to ordinance regulating same business, . . $50.00." *Held*, that the term, "other metals," as employed in class A, construed in the light of the context, refers to metals generally; and consequently the business of gathering any metals that would fall within the definition of junk, whether or not they consisted of plumbing, gas fixtures, or automobile fixtures, is subject to that provision of the ordinance. The construction here given is in harmony with the principles applied in *Latham* v. *Stewart*, 140 *Ga.* 188 (78 S. E. 812), in which a different result was reached on account of difference in the ordinance.

(*a*)  "Junk" is defined to be "worn out and discarded material in general that may be turned to some use; especially old rope, chain, iron, copper, parts of machinery and bottles, gathered or bought up by tradesmen, called junk dealers; hence rubbish of any kind; odds and ends." 24 Cyc. 79.

(*b*)  Classification A partakes of the nature of a police regulation, and, considering the nature of the business, is reasonable.  It is not discriminatory on account of anything expressed in classifications B and C. Being within the police power, classification A does not prima facie offend the due-process or equal-protection clause of the constitution. State *v.* Cohen, 73 N. H. 543 (63 Atl. 928); Gundling *v.* Chicago, 177 U. S. 183 (20 Sup. Ct. 633, 44 L. ed. 725); Lieberman *v.* Van De Carr, 199 U. S. 552 (26 Sup. Ct. 144, 50 L. ed. 305); *Cutsinger* v. *Atlanta*, 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280); Freund on Police.Power, § 39.

(*c*)  The case differs from *Morton* v. *Macon*, 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485), and *City of Waycross* v. *Georgia Investment Co.*, 146 *Ga.* 2 (90 S. E. 281), where the business was different and the tax was upon the business as distinguished from a police regulation.

2.  In an equitable suit instituted by licensees under classification B, to enjoin the city from enforcing the provisions of classification A against them, the original petition alleged that plaintiffs were engaged in gathering "plumbing, gas fixtures, automobile fixtures, other metals, bottles, rags, and paper."  A proposed amendment alleged that the business was erroneously described, and that plaintiffs were not engaged in gathering junk consisting of plumbing, automobile fixtures, or gas fixtures, but only in old metals of other kinds that might be classed as junk, and junk consisting of bottles, rags, and paper.  *Held*, that the business described in the original petition was subject to the license provided for in classifications A and B, and, under the construction of class A as stated in the preceding note, the proposed amendment would

not materially change the original petition as to the character of the business in which plaintiffs were engaged.

3. The proposed amendment alleged that the city permitted licensees under classification C, by themselves or agents, to engage in "gathering" junk of all kinds specified in classes A and B without paying the license fee prescribed for those classifications, but would not permit plaintiffs as licensees under class B to gather the kinds of junk specified in class A, the effect of which was to offend the equal-protection clause of the constitution. *Held,* that the business of a dealer in junk at a shop or in connection with some other business differs from the business of gathering junk, and affords a reasonable basis for classification. As the city did not arbitrarily deny to the plaintiffs the right to obtain licenses under classification C, the described manner of administering the ordinance was not discriminatory, and did not deprive the plaintiffs of the equal protection of the laws guaranteed by the State and Federal constitutions. ATKINSON, J., dissents from this ruling, on the ground that class C does not purport to license "gathering" junk at all, and consequently makes no classification on that subject based on difference in the businesses of "gathering" junk and "dealing" in junk at a shop or in connection with some other business. Licensees neither under class B nor class C could "gather" under Class A, but without class A their natural rights to do so would be equal, and prevention of the city from discriminating by administering class A in a manner to enforce its provisions against licensees under class B, and not against class C, is within the protection of the constitution. Yick Wo *v.* Hopkins, 118 U. S. 356, 373-4 (6 .Sup. Ct. 1064, 30 L. ed. 220) ; Barbier *v.* Connolly, 113 U. S. 28 (5 Sup. Ct. 357, 28 L. ed. 923).

4. While the case was pending the ordinance expired by its own limitation, and another similar in all respects was ordained for the ensuing year. An amendment to the original petition was proposed, attacking the second ordinance upon the same grounds and seeking the same relief as prayed with reference to the . first. *Held,* that this amendment was properly rejected on the ground that it sought to add a new cause of action. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318) ; *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712 (59 S. E. 804).

5. On the interlocutory hearing, testimony of certain of the aldermen as to the reasons and their motives for voting for the ordinance was properly rejected. McQuillin on Municipal Corporations, §§ 129, 131; Soon .Hing *v.* Crowley, 113 U. S. 703 (5 Sup. Ct. 730, 28 L. ed. 1145).

6. There was no error in refusing an interlocutory injunction.

*Judgment affirmed. Fish, C. J., absent. Beck, P. J., and Atkinson, J., dissent. The other Justices concur.*

BECK, P. J. Being of the opinion that the principle of ejusdem generis should be applied in construing the portion of the ordinance which provides that "Junk gatherers, by wagon or otherwise, of plumbing, gas fixtures, automobile fixtures, and other metals [shall each pay for business license] $300.00," I dissent from the ruling in the first division of the decision.

     . No. 63.   JANUARY 16, 1918.

Petition for injunction. Before Judge Pendleton. Fulton superior court. November 16, 1916.

*T. B. Felder, Owens Johnson,* and *L. J. Grossman,* for plaintiffs.

*J. L. Mayson* and *S. D. Hewlett,* for defendant.