ARTHUR L. BRIGHAM, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, May 14, 1920.

Civil service — reduction of salary of civil service employee, city of New York, by board of aldermen — when employee not protected by provision of Greater New York charter against removal without charges and hearing — estoppel — acceptance of lower salary.

Although a civil service employee in the office of the comptroller of the city of New York and in the competitive class, received a certain salary per annum as a member of a certain grade, the board of aldermen on the recommendation of the board of estimate and apportionment may reduce the salary of such employee in a subsequent budget, and, having voluntarily accepted the lower salary and consented to a reduction in grade, he cannot maintain an action to recover from the city the difference between his former and present salary on the theory that he could not be reduced to a lower grade and a lower salary without charges being preferred and an opportunity given for him to be heard.

The provision of the Greater New York charter (§ 1543) forbidding the removal or reduction in grade of an employee without charges and a hearing was intended to protect individual employees from arbitrary and unjust action on the part of their superiors and was not intended to limit the power of the proper officials in good faith to reduce the salary of a certain office, providing the reduction was not unjust and not for the purpose of discriminating against any single employee.

Moreover, by electing to accept the lower salary and by retaining his position, the employee is concluded thereby.

APPEAL by the plaintiff, Arthur L. Brigham, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of November, 1918, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Jeremiah T. Mahoney* of counsel [*Vincent L. Leibell* with him on the brief; *Phillips, Mahoney & Leibell,* attorneys], for the appellant.

*Henry J. Shields* of counsel [*John F. O'Brien* and *Arthur Sweeny* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

PAGE, J.:

The action is brought to recover a balance of salary claimed to be due. The plaintiff is a civil service employee in the office of the comptroller of the city of New York. His position is in the competitive class. He entered the employ of the finance department in 1883, at a salary of $1,300 per annum. He has been promoted from time to time. In 1915, and for some time prior thereto, he was classified under the civil service rules in the fifth grade of the clerical service of the civil service, the minimum salary of which was $2,400 a year. On February 1, 1907, the salary of his position was fixed at $2,550 per annum and he was paid his salary at this rate until December 31, 1915. The board of aldermen, on the recommendation of the board of estimate and apportionment in fixing the salaries in the budget for 1916 effected a general reduction. The salary for the position held by the plaintiff was established at $1,800. On December twenty-eighth the comptroller wrote the following letter to the plaintiff: " This is to notify you that the budget for 1916

provides for the reduction of the salary of your position to
$1,800 per annum. *Should you wish to retain your position
at the reduced salary it is requested that you sign and return
the enclosed consent.*"

The plaintiff on the next day replied: " In view of the
action of the Board of Estimate and Apportionment and the
Board of Aldermen in fixing salaries in the budget for
1916, I hereby consent to a reduction in salary from the rate
of $2,550 to the rate of $1,800 per annum, beginning January
1, 1916, and I consent to a reduction in grade from Grade 5
to Grade 4, as Examiner, in the Division of Auditors and
Examiners, Auditing Bureau, Department of Finance."

Thereafter, his salary check at the above rate was delivered
to him and the payroll presented for his signature, and he
signed the same as a receipt in full for his salary.

The theory of the plaintiff's action is that inasmuch as
his position carrying his salary of over $2,400 was in the
fifth grade, he could not be reduced to a lower grade and a
lower salary without charges being preferred and an oppor-
tunity given for him to be heard; hence that he is entitled
to recover the difference in salary between the $1,800 and
the $2,550 that he previously received. The provision* that
a civil service employee shall not be removed or reduced to
a lower grade without charges and upon a hearing was
intended to protect individual employees from arbitrary and
unjust action on the part of their superiors. It was not
intended thereby to limit the power of the proper officials
of the city so that having fixed the salary of a position at a
certain figure, which, under the classification of the civil
service commission was placed in a certain grade, they could
not reduce it to an amount which would carry that position
into a lower grade, providing the reduction was not unjust,
made in good faith and not for the purpose of discriminating
against any single employee. The charter of the city of
New York† gives the power to establish positions and fix the

* See Laws of 1901, chap. 466, § 1543. — [REP.

† See Laws of 1901, chap. 466, § 56, as amd. by Laws of 1902, chap. 435;
Id. § 226, as amd. by Laws of 1915, chap. 378, and Laws of 1917, chap. 258;
Id. § 1543.— [REP.

salary to the board of aldermen upon recommendation of the board of estimate and apportionment.   The Civil Service Law does not control or limit this power of the board of aldermen and prevent the board of aldermen from reducing a salary to be paid for a certain position.   There was, therefore, not in the sense used in the statute a reduction of the plaintiff to a lower grade.   The power to fix salaries does not mean that where the board of aldermen have designated a salary to be paid to an employee of the city, it cannot thereafter change the salary.   As was said by Mr. Justice CLARKE: "When we consider the legislative character of these bodies no other conclusion can be arrived at but that in the exercise of their governmental functions the power to fix was merely the power to regulate, and was continuous." (*Buckbee* v. *Board of Education,* 115 App. Div. 366, 375; affd., on this opinion, 187 N. Y. 544.)   His salary having been established by the board of estimate and apportionment the plaintiff was given the opportunity of accepting the same and retaining his position or leaving the city employment.   He elected to accept the reduced salary and is concluded thereby.

The cases relied upon by the appellant are where the rate of compensation for several positions is fixed by law, and a person holding a position paying the higher salary is transferred to a position for which a lower salary is fixed. In such case, of course, this is a reduction and can only be made for cause.   The case of *Matter of Shepard* v. *Oakley* (181 N. Y. 339), upon which the plaintiff relies, is clearly distinguishable from the instant case.   That was an appeal from an order denying the motion for a peremptory writ of mandamus.   The relator was appointed originally to a temporary position at a salary of $12 a day, which was afterwards changed to $1,500 a year.   His salary was increased from time to time.   He was transferred from the finance department to the water supply department.   His salary was subsequently increased in that department to $2,700. Thereafter the commissioner of the water supply department reduced the salary to $1,500, on the ground that the increase in the relator's salary had not been authorized by the board of estimate and apportionment, and that, therefore, his legal salary was $1,500.   The Court of Appeals discussed

several contingencies, in which case the relator would have been entitled to a restoration of his salary, and reversed the order denying a peremptory writ and remitted the case to the Special Term with directions to issue an alternative writ of mandamus. The plaintiff has no right to the difference in salary for which he has brought this action.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment affirmed, with costs.