LEON W. HAZELTON, CUSTODIAN OF SCHOOL MONEYS FOR THE SCHOOL DISTRICT OF STAFFORD TOWNSHIP, RELATOR, v. THEODORE CRANMER, COLLECTOR OF THE COUNTY OF OCEAN, RESPONDENT.

Submitted May 12, 1933—Decided September 7, 1933.

Before Justices CASE, BODINE and DONGES.

For the relator, *Charles A. Malloy.*

For the respondent, *W. Durward McCloskey.*

*Amicus curiæ, William A. Stevens,* attorney-general.

PER CURIAM.

The custodian of the school moneys for the school district of Stafford township, in the county of Ocean, seeks a writ of *mandamus* to compel the collector of the county of Ocean to pay over all the school moneys in the custody of the respondent apportioned to the board of education of the township for the year beginning July 1st, 1930, and for the year beginning July 1st, 1931. The sums involved appear to be $5,748.02 and $4,983.83, respectively. The case was not orally argued, and the only brief that has come to our hands is that in behalf of the relator.

The funds were retained by the collector of the county of Ocean in compliance with an order of the state commissioner of education dated November 26th, 1930. That order grew

out of a situation which need not be gone into at greater length than to say that the board of education of Stafford township, having no high school of its own and having theretofore maintained its high school pupils at the Barnegat High School, transferred these pupils, contrary to an order of the commissioner of education denying an application so to do, from the Barnegat High School to the Tuckerton High School, whereupon the state commissioner directed the county collector to withhold from Stafford township all funds received from the state. The action of the commissioner was based directly upon the provisions of chapter 281 of *Pamph. L.* 1929, amending section 119 of the Public School act of 1903, chapter 1 of the second special session for 1903, printed at page 1 of the 1904 pamphlet laws.

The issue is whether or not the 1929 act is constitutional, and our conclusion is that it is not. The act provides in part that "any child who shall be a resident of a district which does not furnish a full high school course of study * * * may be admitted to a school in another district. The high schools throughout the state to which other districts shall send their pupils or a part thereof shall be deemed to be those high schools which at the time of the passage of this act are already designated by boards of education of districts lacking high school facilities as aforesaid as schools for their pupils or a portion of their pupils to attend. Such existing designation of a high school * * * shall continue until the board of education thereof shall for good and sufficient reasons desire a change in such existing designation and shall secure the approval of the commissioner of education therefor; * * *."

It is said, and we think truly, that the act is limited in its purview to school districts that did not at the time of passage furnish a full high school course of study and that it does not apply to any school district which in the future may lack or discontinue high school facilities or which at the time of the passage of the act had no high school facilities and were not sending high school pupils to another district; that the statutes include only those districts which at the

time of the passage of the act (a) lacked high school facilities and (b) were sending pupils to a designated district. Legislation of this character is unconstitutional upon the reasoning that controlled the decision in *Riccio* v. *Hoboken*, 69 *N. J. L.* 649; 55 *Atl. Rep.* 1109. The limited application of the law was upon a distinction that did not, in the nature of things, in any reasonable degree, account for or justify the restriction. *Richards* v. *Hammer*, 42 *N. J. L.* 435. As was said by Vice-Chancellor Reed in *Burlington* v. *Pennsylvania Railroad Co.*, 56 *N. J. Eq.* 259; affirmed by the Court of Errors and Appeals, 58 *Id.* 547; 43 *Atl. Rep.* 700:

"The legislature cannot confine the force of its enactment to the condition of affairs existing at the date of the act if similar conditions are likely to arise thereafter. It is upon this ground that statutes which apply to cities having at the time of the approval of the act a certain population have been adjudged 'special' in failing to include cities which may grow into the class. *Pavonia Horse Railroad Co.* v. *Jersey City*, 45 *N. J. L.* 298; *Coutiere* v. *City of New Brunswick*, 44 *Id.* 58. The legislature could, with as much propriety, have fixed any other date, either before or after the approval of the act, and provided that the provisions of the statute should apply to those cities in which routes were filed before, and not apply to those cities in which routes were filed or will be filed after the said date."

We assume from the absence of opposing briefs that the unconstitutionality of the statute is conceded. Inasmuch as the order to withhold the funds was based upon an order by the commissioner of education which in turn was grounded in this unconstitutional statute, there appears to be no reason why the fund should be longer withheld.

A writ of *mandamus* will issue in accordance with the terms of the rule, but without costs.