THOMPSON *v.* CITY COUNCIL OF AUGUSTA.

No. 13866.   OCTOBER 16, 1941.

*Hammond, Kennedy & Yow* and *I. S. Peebles Jr.,* for plaintiff.
*C. Wesley Killebrew,* for defendant.

GRICE, Justice. Each of the three counts of the petition alleges that the City Council directed that the personnel of the various departments be reduced because of lack of funds with which to pay the employees and carry on the other operations of the city, and that in pursuance thereof the petitioner and another were laid off or temporarily suspended from the positions of meter readers. The act approved December 31, 1937 (Ga. L. Ex. Sess. 1937-38, pp. 938 et seq.), amending the charter of the City of Augusta so as to provide for the permanent tenure of certain officers and employees of that city until they are removed or discharged for certain stated reasons, after which any such employee so discharged may demand and receive an investigation and public trial of the charges upon which such discharge was had, contains also this provision: "Section 10. Nothing herein contained shall restrict the rights of the City Council of Augusta to bona fide abolish any position held by any permanent employee or other employee; provided, however, that if abolition of position is restored [resorted] to as subterfuge to discharge such employee, he shall have his action therefor as of breach of contract."

The plaintiff principally relies on the authorities next mentioned. In Board of Education *v.* Horan, 11 N. J., Misc. 751 (168 Atl. 132), it was held that certain teachers who under a statute were entitled to an indefinite period of employment, but who were dismissed for reasons of economy, were entitled to be reinstated when

it appeared that their places had subsequently been filled by teachers who were not protected by the tenure of-office act. In Crawford *v.* Board of Education, 20 Cal. App. 391 (67 Pac. 2d, 348), it was held that a statute providing for permanent employment of probationary teachers by school districts did not authorize governing boards thereof to discharge permanent teachers by reducing time of their employment to such brief periods as would be equivalent to dismissal, while permitting employment of teachers without permanent status. In Barnes *v.* Mendenhall ( Ind. App. ) 183 N. E. 556, it was declared that an indefinite contract of a permanent teacher could not be canceled on the ground of justifiable decrease in number of teaching positions, where non-tenure teachers were retained. In the New Jersey case, supra, the teachers discharged were those protected by the act, while those retained were not. The court in effect said that where there had to be a reduction in the teaching force, it was illegal to release those whose tenure of office was protected by the act, while retaining those not within its fostering folds. The California decision, supra, merely condemned the action of a school board in practically dismissing teachers entitled to permanent employment, although retaining a number of probationary teachers. In the Indiana case, supra, the court dealt with a similar state of facts, and the decision went no further than to hold that the contract of teachers of the one class could not be canceled, when those of the other, i. e., non-tenure, were retained.

The plaintiff is not complaining that while his relations with the city were severed, others who did not occupy the same status, but who had a less permanent one as to tenure of service, were kept. Properly construed, the gist of the complaint in the first count is, that, having under the charter amendment and ordinances reached the status of a permanent employee, he was laid off solely because of lack of funds with which to pay him. The decisions in general sustain the right to lay off an employee when such action is taken conscientiously for the purpose of effecting economies in the administration of public funds, or when rendered necessary by the scarcity of such funds, even though the employee held his appointment under civil-service rules and regulations. Some of the authorities recognize this right to suspend for a temporary period, and others attach no such limitation to it. Shira *v.* State, 187 Ind. 441 (119 N. E. 833) ; Fricke *v.* Grand Rapids, 278 Mich. 323 (270 N. W.

697) ; Osborne *v.* Columbus, 15 Ohio N. P. 561 (affirmed, 75 Ohio St. 588, 80 N. E. 1130) ; and annotation in 111 A. L. R. 432. We attach no significance to the fact that the pleader uses the expression "or temporarily suspended" after the words "laid off," in describing the severance of the plaintiff's relations with the city. Reading the entire petition, it is apparent that he "lost his job," to use a well-understood phrase. His position was thereby effectively abolished. See Gilbert *v.* Civil Service Commission, 61 Cal. App. 459 (215 Pac. 97, 98), and cit. Section 10 of the act quoted above expressly gives the city the right to do this. There is nothing in the petition to show that this action of the city authorities was taken, not in good faith, but for the actual purpose of creating a vacancy in order to permit the appointment of another person thereto. When laid off, the plaintiff ceased to be an employee, and the permanent-tenure act did not give him any right to be recalled, which would in fact be re-employment, when a vacancy occurred in the department in which he was formerly employed. The allegations in the second count that within a week after he and Austin were laid off, Austin was reinstated, does not aid the plaintiff's case, nor does the fact that when Mack Seals was promoted from the position of bill deliverer to another position, the plaintiff demanded that he (plaintiff) be reinstated to the position thus made vacant, and that instead of that demand being complied with the authorities employed Baker, a new employee, to fill that position; nor do the allegations of the amendment relating to the classification of employees and their being assigned interchangeably to the duties of any one of the different positions. These things singly or collectively do no show a violation of the terms of the charter amendment. What the city did with reference to the other employees mentioned affords no reason why the plaintiff is entitled to any of the relief sought. None of the counts sets forth a cause of action. The judgment of dismissal is    *Affirmed.  All the Justices concur.*