32606. CITY COUNCIL OF AUGUSTA *v.* STELLING.

DECIDED OCTOBER 11, 1949.

*Fulcher & Fulcher,* for plaintiff in error.

*Harris, Chance & McCracken,* contra.

*C. Wesley Killebrew,* for persons at interest, not parties.

GARDNER, J. 1. We will first deal with the contentions of the City of Augusta as to why the court committed reversible error in overruling the general demurrer to the petition and dismissing it. Since we have set out the sections of the act of 1937 (Ga. L. Ex.-Sess., 1937-1938), amending the charter of the City of Augusta, if and when occasion arises, we will refer to these sections by numbers without again repeating the provisions of them.

(a) It is contended that the petition contains no allegation to legally show that the City Council of Augusta in abolishing the position of auditor, which position was held by the employee, was not in the exercise of its unrestricted right to bona fide abolish any position created by it and that the petition does not allege that said position has at any time since the passage of the ordinance abolishing said position, recreated it; but to the contrary it appears from the allegations of the petition that Victor Markwalter, an independent certified public accountant, was employed thereafter to do general auditing work in various departments of the City of Augusta for the balance of the year 1947, and was again contracted with during December, 1948, to do general auditing work for another period. Our attention is called to the fact that the Supreme Court in the case of *Thompson* v. *Augusta,* 193 *Ga.* 36 (17 S. E. 2d, 161), had occasion to pass upon section 10 of the act of the General Assembly of 1937-38, amending the charter of the City of Augusta, and with respect thereto held: "His position was thereby effectively abolished. See Gilbert *v.* Civil Service Commission, 61 Cal. App. 459 (215 Pac. 97) and cit. Section 10 of the act quoted above expressly gives the city the right to do this. There is nothing in the petition to show that this action of the city authorities was taken, not in good faith, but for the actual purpose of creating a vacancy in order to permit the appointment of another person thereto. When laid off, the plaintiff ceased to be an employee, and the permanent-tenure act did not give him

any right to be recalled, which would in fact be re-employment, when a vacancy occurred in the department in which he was formerly employed. The allegations in the second count that within a week after he and Austin were laid off, Austin was reinstated, does not aid the plaintiff's case, nor does the fact that when Mack Seals was promoted from the position of bill deliverer to another position, the plaintiff demanded that he (plaintiff) be reinstated to the position thus made vacant, and that instead of that demand being complied with the authorities employed Baker, a new employee, to fill that position; nor do the allegations of the amendment relating to. the classification of employees and their being assigned interchangeably to the duties of any one of the different positions. These things singly or collectively do not show a violation of the terms of the charter amendment. What the city did with reference to the other employees mentioned affords no reason why the plaintiff is entitled to any of the relief sought. None of the counts sets forth a cause of action." A casual reading of the facts in that decision will show that they bear practically no relation to the allegations of facts in the petition in the instant case. Nor does the decision in that case decide the question now before us. To the contrary, it appears that this decision is authority sustaining the court in overruling the demurrer to the petition in the instant case. The headnote in that decision is very clear and bears out this statement which we make here. The gist of the law under the facts of that case and in favor of overruling the general demurrer in the instant case, is very clearly set forth in the headnote which reads: "In the absence of an allegation to the effect that the action of the city authorities was not taken in good faith, but for the ultimate and actual purpose of creating a vacancy in order to permit the appointment of another person thereto, an employee of the City of Augusta who under the act of December 31, 1937 (Ga. L. Ex. Sess., 1937-38, p. 938), had become a permanent employee, but who, by reason of the city's lack of funds with which to pay. him, had been laid off, is not entitled to recover from the city the salary he would have earned had he remained employed, notwithstanding the city thereafter employed another person to fill the position formerly held by the plaintiff who is now discharging the same duties formerly per-

formed by plaintiff; nor is he entitled to mandamus to compel his reinstatement." From the allegations of the petition in the instant case it will be noted that it is distinctly alleged that the contract of the employee here was abolished by the ordinance under consideration, that the abolition of the position of city auditor was not done in good faith, but that it was done in bad faith and as a subterfuge to discharge the employee and give the identical work which he had been performing for some fifteen years to another person. And that this was done when a new party got control of the governing authorities of the City of Augusta. If these allegations be true, and on general demurrer we must consider them as true, the discharge of the employee in the instant case was directly in the teeth of sections 10 and 11 of the act of 1937 amending the charter of the City of Augusta. We might here also call attention to the fact that the allegations of the petition in the instant case state that no complaint whatsoever had ever been made by the governing authorities of the City of Augusta since the employment of the employee as to the sufficiency of his work or the efficiency of the employee. And that the City of Augusta was in need of the services of an auditor and immediately after the passage of the ordinance in question abolishing the position of auditor, another person was employed to do the identical work of the employee in the instant case and insofar as the petition alleges, is now doing this identical work. The principle of providing security for employees who are efficient and faithful in public service, where such position is needed and can be afforded by a governmental authority, has in recent years been spreading throughout all governmental institutions and in private industry as well. And society as a whole in the main seems to support it.

(b) Counsel for the City of Augusta further contend that the court has no authority under the appellate decisions of this State and decisions of foreign jurisdictions, to inquire into the motives of legislative bodies in the passage of laws within their jurisdiction. In support of this contention counsel cite the case of *Puckett* v. *Young*, 112 *Ga.* 578 (37 S. E. 880). It is argued from this standpoint that the court is without authority of law to question the motives of governing authorities of the City of Augusta to pass the ordinance abolishing the position of

auditor. Counsel quote from that decision at some length. We will here set forth an excerpt from the quotation given by counsel and which they emphasize by underscoring: "These are questions solely for the consideration of the law-making department of the government. Nor can the courts inquire into the motives of the General Assembly in passing statutes." This principle of law is sound. From it counsel argue that the courts cannot inquire into the good or bad motives of the policy of the City of Augusta in passing the ordinance abolishing the position of auditor. This same principle applies to the act of the General Assembly in passing section 10 and section 11 amending the charter of the City of Augusta. The Mayor and Council of the City of Augusta in the matter of passing ordinances derive their authority only from the charter of the City of Augusta. They can do no more than they are authorized to do under the charter as amended by the General Assembly. According to the allegations of this petition they sought to override the act of the General Assembly in amending the charter of the City of Augusta as set forth in sections 10 and 11 to which reference is made hereinabove. Whether the General Assembly of 1937-38 was wise in amending the charter as set forth in sections 10 and 11, or what reason or motive prompted the General Assembly to pass such provisions is not for this court nor for the Mayor and Council of the City of Augusta to question. So long as such legislation stands, all must obey its provisions. It must be kept in mind that the constitutionality of the act of 1937-38 is not in question. The only question is whether under the allegations of the petition in the instant case the Mayor and Council of the City of Augusta violated the provisions of that act which amended the charter of the City of Augusta. To the same effect counsel cite the case of *Clein* v. *Atlanta,* 164 *Ga.* 529 (139 S. E. 46), and quote therefrom; and likewise 2 McMillan on Municipal Corporations (2d, ed), p. 739. Also, Soon Hing *v.* Crowley, 113 U. S. 703 (5 Sup. Ct. 739, 28 L. ed. 1145); *Melnick* v. *Atlanta,* 147 *Ga.* 525 (94 S. E. 1015). All of the above-cited decisions in principle cite only the general rule, but we are here dealing, as heretofore stated, with a statute of the General Assembly of 1937-38 of this State which lifts this case from the general rule and confines the authority of the Mayor and Coun-

cil of the City of Augusta to specific methods concerning the manner in which an employee may be ousted from a position. The statute specifically provides that such an employee cannot be ousted in bad faith and that no subterfuge may be resorted to by said governing authorities in ousting an employee. The act provides ". . however, that if abolition of position is resorted to as a subterfuge to discharge such employee, he shall have his action therefor as of breach of contract." Under the allegations of the petition, there is no contention that the employee did not have a contract with the City of Augusta.

(c) It is further contended that the petition properly construed, charges a conspiracy on the part of the Mayor and Council of the City of Augusta to abolish the position which the employee held, and that such constituted fraud in law. It is contended that the allegations of the petition are so general that they fall short of charging fraud, and for that reason the court erred in overruling the demurrer. In this connection our attention is called to *Johnson* v. *Ellington,* 196 *Ga.* 846 (28 S. E. 2d, 114); *Luke* v. *Dupree,* 158 *Ga.* 590 (124 S. E. 13); *Jones* v. *Robinson,* 172 *Ga.* 746 (158 S. E. 44); *Walraven* v. *Walraven,* 76 *Ga. App.* 713 (47 S. E. 2d, 148). All of these decisions go to the effect that mere general conclusions without sufficient facts upon which to base such conclusions are insufficient as a matter of law to uphold a petition as against a general demurrer. It is our opinion that the allegations of the petition in the instant case are sufficient to withstand a general demurrer and carry the case to a jury.

2. (a) It not contended here that the ordinance should be declared illegal and should be set aside. The ordinance was duly passed and the authorities of the City of Augusta had authority to pass it. But the contention is that it was not passed in good faith and was passed as a subterfuge in violation of the amendment of the charter of the City of Augusta and that for this reason the employee has a right of action for a breach of his contract. We think that the act itself gives the right to show motive and the regulations of the act hereinabove quoted provided that if the ordinance is not passed in good faith and is a mere subterfuge, the employee has his right of action. It is our opinion that the allegations of the petition are sufficient to show

that the passage of the ordinance abolished the position of the employee and illegally discharged him, and as we have hereinabove stated, a jury would be authorized to find, if there is evidence to substantiate the allegations of the petition, that Council acted in bad faith in abolishing this position as a subterfuge and thereby in effect discharging the employee.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*