32936.  CITY COUNCIL OF AUGUSTA *v.* KILLEBREW.

Decided February 24, 1950.

*Congdon, Harper & Leonard,* for plaintiff in error.

*C. Wesley Killebrew, Hammond, Kennedy & Sanders, Curry & Curry, Isaac S. Peebles Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts): ■ ■ The cause of action is based upon an amendment to the charter of the City Council of Augusta (Ga. L. 1937-38, pp. 938-943), known as the Augusta Officers' and Employees' Tenure Act, under the terms of which, as amended, the office of city attorney is included. The act provides that permanent employees shall be removed or discharged for specified reasons only, including discourteous treatment to the public, violations of law, etc. Section 10 states: "Nothing herein contained shall restrict the rights of the City Council of Augusta to bona fide abolish any position held by any permanent employee or other employee, provided, however, that if abolition of position is resorted to as subterfuge to discharge such employee, he shall have his action therefor as of breach of contract." Section 11 provides in part: "No permanent employee shall be discharged, demoted, or suspended for any political belief, or failure to vote in any particular way. . ." The plaintiff maintains that he was ousted because of his political beliefs, in violation of section 11, and that the city council attempted to abolish the position of city attorney as a subterfuge for the purpose of discharging him, in violation of section 10. From the petition and exhibits thereto it is apparent that although E. D. Fulcher was hired nominally as a "special counsel," and was paid varying amounts through 1947, that the last payment to him in December, 1947, was such as to make his total annual income the exact amount which the plaintiff would have received had he continued in

office. No office for the city attorney was ever actually opened in the city hall. No attempt was made to fill the position on a full-time basis, at $100 per month, and this court finds it difficult to believe that the defendant's faith in the generosity of attorneys generally was sufficiently unbounded to convince them that a competent full-time attorney could have been obtained at this price. Further, the petition alleges that, under the original contract, the plaintiff was to retain his private practice and to receive funds for office and secretarial expenses; and that the deprivation of these items, being unreasonable in nature, was a breach of the contract of employment amounting to abolition of the office. See DeMerritt v. Weldon, 154 Cal. 545 (98 Pac. 537), Board of Sup'rs. of DeSoto County v. Westerbrook, 64 Miss. 312 (1 So. 352); State ex rel. Thurmond v. Shreveport, 124 La. 178 (50 So. 3). In 37 Am. Jur., *Municipal Corporations*, § 257, it is stated: "A municipal board to which the legislature has delegated the power of fixing the compensation of a municipal officer, but which has no power to abolish the office, cannot abolish the office by indirection by fixing the compensation at an unreasonably low figure, although the courts will not review the discretion of the board unless it has fixed the compensation so unreasonably low as in substance to effect the abolition of the office."

Although the office of city attorney remained in name upon the corporate records, and although the attorney subsequently employed was designated as "special counsel," the petition succinctly alleges a state of facts under which it would have been, and apparently was, impossible to fill the former, whereas the latter took over the identical duties and increments which had hitherto attached to it. This amounted to a transfer of the duties and compensation from one official to another. In *Morris v. Glover*, 121 *Ga.* 751 (49 S. E. 786), it was held, "When the legislature assumed to transfer to the clerk of the superior court all the duties and emoluments which belonged to the office of treasurer, it practically abolished the office of treasurer." See also *Wilson v. Dalton*, 135 *Ga.* 240 (69 S. E. 163). The acts of the defendant as alleged, under these authorities, constituted an abolition of the office of city attorney.

Such abolition is permissible unless resorted to as a

subterfuge to discharge the employee, under the provisions of the act. Where it is not alleged that an employer failed to act in good faith, an action will not lie. See *Thompson* v. *Augusta,* 193 *Ga.* 36 (17 S. E. 2d, 161). In the present case this is alleged as a conclusion based upon the facts that a majority of the members conspired together to oust the plaintiff because of his political faith, that two of their number informed him of this and requested his resignation, that this action was repeated and ratified by a majority of the council, that the office was surrounded by restrictions which made it impossible to fill the same, and that immediately thereafter another office was created which contained the same duties, and the same reimbursement, as the one attempted to be discontinued. Such allegations make out a cause of 'action on the ground that the city council resorted to a subterfuge to oust the incumbent. This being so, the allegations of the petition and the inferences reasonably to be drawn therefrom do not show any abandonment of the office on the part of the plaintiff. Nothing remained of the office except the title thereto, and there is no magic in nomenclature sufficient in itself to defeat the action, since this court must look to the substance, rather than to the form, of the employment offered. Further, the contention of the defendant that the plaintiff, if he wished to maintain his action, should have mitigated the damages by continuing in the office provided at the city hall at a salary of $100 per month and thereafter sued for the difference, is untenable, since not only was the plaintiff not required to do so under the provisions of section 10 of the Tenure Act, but, if he had done so, he would have admitted the existence of the office, and waived his right to claim a higher rate than that named in the office. See *Barfield* v. *Atlanta,* 53 *Ga. App.* 861 (187 S. E. 407); Brigham *v.* New York, 191 App. Div. 866 (182 N. Y. Supp. 145). Even if this was not the case, this action on his part could not result in adequacy of remedy.

The job contemplates his continued activity in his private practice. His acceptance of the terms of the ordinance under this theory of the defendant would have restricted his income to that provided by the former ordinance and he would have lost the income from his private practice entirely.

■ Section 8 of the Tenure Act provides that the city council

may discharge, demote, reduce or suspend any permanent employee for violation of any of the preceding sections of the act, and that upon being so discharged or reduced in rank the employee may within ten days file a written demand with the clerk of council for an investigation and written statement of the charges, whereupon a trial on such charges is to take place. The defendant contends that since the plaintiff did not follow the procedure provided by the act by requesting a copy of charges and investigation and trial thereon, the action of the city council is binding upon him, and his right to trial is waived. The action has not been tried, and we cannot know what defense may be offered thereto, but the petition affirmatively shows no violation on the part of the plaintiff under which a trial might have been held under this section, and consideration of it is therefore inapplicable at this time. If the plaintiff's discharge (for that is what it amounted to) arose in violation of section 10 relating to the abolition of an office as a subterfuge solely for that purpose, then the provisions of section 8 are not applicable. See, in this connection, *County Board of Education of Richmond County* v. *Young*, 187 *Ga.* 644 (1 S. E. 2d, 739); *City Council of Augusta* v. *Stelling*, 80 *Ga. App.* 84 (55 S. E. 2d, 649). There is nothing in the cases of *Nix* v. *Atlanta*, 63 *Ga. App.* 835 (12 S. E. 2d, 167), *Barfield* v. *Atlanta*, 53 *Ga. App.* 861 (187 S. E. 407), *Mayor & Aldermen of Savannah* v. *Monroe*, 22 *Ga. App.* 285 (96 S. E. 500), or *Humphries* v. *McWhorter*, 25 *Ga.* 37, to sustain a contrary view.

■ Counsel for the defendant further contend that the right of action of the plaintiff, if it exists, is not against the City Council of Augusta, but against E. D. Fulcher who took over the duties and received the emoluments formerly going to the plaintiff. We are cited to *Burney* v. *Boston*, 24 *Ga. App.* 7 (100 S. E. 28), and *Mayor of Savannah* v. *Monroe*, 22 *Ga. App.* 285 (supra), the latter case holding in part: "Where a person entitled to hold an office in a municipal corporation has been wrongfully deprived thereof, and the salary of the office has been received by a person who has de facto held the office, although not entitled thereto, the right of action of the de jure officer to recover such salary is against the usurper, and not against the municipality." Without entering into a detailed

discussion of these and other cases holding similarly, it is sufficient to say that the plaintiff's action is based squarely upon section 10 of the Tenure Act, which creates in him a statutory right, provided the abolition of his position has been resorted to as a subterfuge for the purpose of discharging him, to have a right of action as for breach of contract. The validity of this statute is not questioned, and the right is specifically stated therein. There is no merit in this contention.

■ The exception to the judgment of the trial court overruling the special demurrer not being urged by counsel by brief or otherwise, it is treated as abandoned.

The petition sets forth a cause of action and the trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*