In City of San Antonio v. Whitten, 330 S.W.2d 210, this Court held that the ordinance of the City of San Antonio attempting to set the salaries of all City employees, except peace officers, at $220 per month, plus longevity, is void. Therefore, the contention of the City that appellees' salaries should be fixed as per that ordinance must be overruled.

CITY OF SAN ANTONIO et al., Appellants,

v.

Jesse F. WHITTEN et al., Appellees.

No. 13524.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1959.

Rehearing Denied Dec. 16, 1959.

Carlos C. Cadena, Charles L. Smith, San Antonio, for appellants.

Adrian A. Spears, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Jesse F. Whitten and eleven other employees in the Police Department of the City of San Antonio, seeking a mandamus requiring the City and the Chief of Police to reinstate each plaintiff in the class and service in the Police Department occupied by him as of August 22, 1957, and to compensate each at the rate of pay he was receiving immediately prior thereto. The trial court granted the writ as prayed for and awarded each plaintiff back salary in an amount equal to that which he would have received up to the time of the judgment, based on the amount he was receiving immediately prior to August 22, 1957, less the amount actually received by him since that date. The City of San Antonio and the Chief of Police have prosecuted this appeal.

The twelve City employees who are appellees here were also parties in the case of City of San Antonio v. Handley, Tex. Civ.App., 308 S.W.2d 608, decided by this Court on October 2, 1957. They were occupying positions in the Police Department of the City of San Antonio in various classifications and were drawing salaries ranging from $240 to $300 per month. On August 22, 1957, Ordinance No. 25438 was passed by the City Council of the City of San Antonio, classifying all of appellees as either Wrecker Driver, Clerk or Automotive Bodyman, and, regardless of what their salary had theretofore been, their salaries were fixed at the minimum pay for a member of the Police Department of $220 per month, plus longevity. Pursuant to this same ordinance, appellees were transferred from the Police Department to the Administrative Pool of the Personnel Department of the City, and each was notified of these changes by a letter from the Chief of Police. When the Supreme Court of Texas refused application for a writ of error in the case of City of San Antonio v. Handley, supra, on March 19, 1958, the City Council passed Ordinance No. 26231, restoring each of the appellees herein to his former position in the Police Department, but fixing the salary of each at $220 per month, plus longevity from March 15, 1958.

The City has now paid appellees, up to March 15, 1958, the same salary each had received immediately prior to August 22, 1957. Since that date the salary of each has been computed on the basis of $220 per month plus longevity. On June 19,

1958, this suit was instituted by the appellees.

■ The proper decision of this case depends on the validity of the above numbered ordinances, wherein they had the effect of reducing the salary of these twelve employees from as high as $300 per month to $220 per month. There can be no question about the power of the City Council to fix the salary of employees in the Police Department, so long as it does so in keeping with the provisions of the Police Civil Service Act, Article 1269m, Vernon's Ann.Civ.Stats., and Article 1583, Vernon's Tex.Penal Code. The Courts will not interfere with such action of the City Council if it is done in good faith, but this record shows that the City Council did not act in good faith toward these twelve employees who had been forced to go into court to secure their rating under the Police Civil Service Act, Article 1269 m, supra. The record clearly shows the bad faith of the City Council in the following particulars:

First, it was shown to be a plan to evade the Civil Service Law. Second, all salaries were reduced to the minimum of $220 per month, regardless of what they had theretofore been. Third, the relative merits of the employees and the demotion proceedings were ignored. Fourth, attempt was made to dismiss appellees from the Police Department and restore them to the Municipal Civil Service. Fifth, no changes in their duties were contemplated or effected. Sixth, others had been employed under Municipal Civil Service to perform identical duties at a higher salary. Seventh, appellees were given a choice of resigning their positions under Fire and Police Civil Service, and then applying for the same job at the same salary under Municipal Civil Service, or taking a salary of only $220 per month.

Under such circumstances the action of the City Council cannot be permitted to stand. City of San Antonio v. Kneupper, Tex.Civ.App., 330 S.W.2d 205; City of San Antonio v. Handley, supra; Glass v. Board of Common Council of City of Frankfort, 262 Ky. 471, 90 S.W.2d 700; City of Camden v. Civil Service Commission, 118 N.J.L. 501, 193 A. 686; Rexstrew v. City of Huntington Park, 20 Cal.2d 630, 128 P.2d 23; Silvey v. Boyle, 20 Utah 205, 57 P. 880; State ex rel. Quintin v. Edwards, 40 Mont. 287, 106 P. 695; City Council of Augusta v. Killebrew, 81 Ga.App. 86, 58 S.E.2d 252; White v. Worth, 126 N.C. 570, 36 S.E. 132; 10 American Jurisprudence 933, § 12; 62 C.J.S. Municipal Corporations § 200, p. 376.

The judgment of the trial court is affirmed.